[No. 21727.    Department Two.    March 11, 1929.]

THE STATE OF WASHINGTON, *on the Relation of Leo Baisden, Appellant,* v. JOSEPHINE CORLISS PRESTON, *et al., Respondents.*[1]

*Wright, Froude, Allen & Hilen,* for appellant.

*The Attorney General* and *E. W. Anderson, Assistant,* for respondents.

FRENCH, J.—Prior to the year 1923, appellant was a teacher in the public schools of the city of Seattle, a school district of the first class.   In September of 1923, he became a teacher in the city of Everett, likewise a

[1]Reported in 275 Pac. 81.

school district of the first class, and this position he occupied until June of 1925. In July, 1925, the appellant became superintendent of schools at Longview, Washington, a school district other than that of the first class.

Pursuant to the Laws of 1917, p. 744, as amended by the Laws of 1919, p. 415, the same being Rem. Comp. Stat., §§ 4995 to 5020, inclusive, the appellant became a member, first, of the local teachers' retirement fund of the city of Seattle, and thereafter of the local teachers' retirement fund of the city of Everett. Some time after appellant became superintendent of schools at Longview, he applied for membership in the state teachers' fund created by the Laws of 1923, p. 637, the same being Rem. 1927 Sup. §§ 5020-1 to 5020-29, inclusive. His application was denied by the respondents, acting as the board of trustees of the state teachers' retirement fund, solely on the ground that he was ineligible to membership, and the only question involved in this case is the determination of whether or not the appellant is eligible to membership in the state teachers' retirement fund, and this requires an examination of the Laws of 1923, p. 637.

Section 8 of the act provides that

"Any teacher while employed as such in this state or who is absent on leave from any school district, not being a member of a local teachers' retirement fund in this state, may at any time prior to May 1, 1924, . . ."

make application for membership in the fund.

One of the provisions of § 9 is:

"No teacher having the right to make application for membership prior to May 1, 1924, as provided in section 8, who has failed or refused to do so, shall be received into membership." Rem. 1927 Sup., § 5020-9.

This act went into effect in June, 1923. Section 10 of the act provides:

"Every teacher except those mentioned in the last proviso of section 9 and those now or hereafter members of a local teachers' retirement fund in this state entering the employment of any school district in this state not having a local teachers' retirement fund, shall become a member of such state fund by virtue of such employment, . . ." Rem. 1927 Sup., § 5020-10.

The facts in this case are not at all in dispute, and affirmatively show that, at all the times mentioned in the act and at the time of the going into effect of the state retirement act, appellant was a member of the Everett local teachers' retirement fund, and there is therefore involved in this case only the construction of that portion of the state teachers' retirement act covering membership. If the appellant is entitled to membership, it is only because of the provisions of § 10 above quoted.

■ "As early as Bacon's Abridgement, section 2, it was said that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." *Market Co. v. Hoffman,* 101 U. S. 112.

Also:

"Where there is no ambiguity in the words, there is no room for construction." *United States v. Wiltberger,* 5 Wheat. (U. S.) 76.

"Where an act is clear upon its face, and when standing alone it is fairly susceptible of but one construction, that construction must be given to it." *Hamilton v. Rathbone,* 175 U. S. 414.

■ Taking the language of § 10 above quoted, which reads, "Every teacher *except* those mentioned in the last proviso of section 9, *and those now or hereafter members of a local teachers' retirement in this state* . . .,"
it seems to us clear that there is no room for construing this language. There are, in other sections

of the act, provisions whereby local retirement fund groups may come under the provisions of the state act, and it may be that it was the legislative intent to ultimately bring all members of various local retirement funds under the provisions of the new act, and for that purpose the language above used was written into the act to purposely influence members of local retirement funds to vote to bring their entire groups under the state act. But whatever the purpose, the language is plain and unambiguous, and the court is not concerned with the wisdom, policy or expediency of an act, and the court will not rewrite legislation simply because it may possibly deem it unwise. Matters of expediency and wisdom are solely for the legislature. *State v. Carey,* 4 Wash. 424, 30 Pac. 729; *State ex rel. Davis-Smith Co. v. Clausen,* 65 Wash. 156, 117 Pac. 1101, 37 L. R. A. (N. S.) 466; *State v. Miller,* 149 Wash. 545, 271 Pac. 826.

We hold that § 10 of the act above quoted is clear, plain and unambiguous and that appellant is barred by its express terms, and that, regardless of what results may follow from this construction of the act, relief, if any, must be obtained from the legislature, and not from the courts.

Judgment affirmed.

PARKER, MAIN, BEALS, and MILLARD, JJ., concur.