[No. 22532. Department One. June 10, 1930.]

THE STATE OF WASHINGTON, *on the Relation of DeGaris Reeves, Plaintiff*, v. H. ENZO LOOP *et al.*, *Respondents.*[1]

*McMaster, Hall & Schaefer*, for relator.

*The Attorney General* and *E. W. Anderson, Assistant*, for respondents.

*Chas. R. Lewis, amicus curiae.*

TOLMAN, J.—The relator, by this, an original proceeding in this court, seeks relief as against the respondents, constituting the board of trustees of the state teachers' retirement fund. In his complaint, the relator sets forth and alleges that he became a mem-

[1]Reported in 289 Pac. 30.

340

ber of the state teachers' retirement fund at the time of its organization; that he was then regularly employed as a teacher in a school district of this state not having a local teachers' retirement fund and continued to be so employed until June 30, 1925, and that his dues to the state retirement fund were regularly paid up to that time.

He further alleges that, from July 1, 1925, to June 30, 1928, he was employed as a teacher in the Everett school district of Snohomish county, which is a district having a local teachers' retirement fund, organized under chapter 163 of the session laws of 1917 and amendments thereto, and that the Everett district had such fund at the time of the taking effect of the state teachers' retirement fund act.

That, from and after July 1, 1928, up to this time, the relator has been employed as a teacher in the Vancouver school district of Clark county, which is a district having no local retirement fund. In the latter part of the year 1925, while the relator was employed by the Everett school district, the secretary of the local fund of the Everett school district, without the knowledge, consent, or acquiescence of the relator, applied to the board of trustees of the state teachers' retirement fund to have the service and contributions of the relator to the state fund transferred to the local fund, and on January 11, 1926, the board voted to transfer the membership and dues of relator to the Everett local fund, wholly without the knowledge or authority of the relator, who, he alleges, never had any intent to so transfer his membership or credits, nor to give up or abandon his membership in the state fund, but who, on the contrary, at all times intended to maintain his membership in the state fund.

It is further alleged that, after the relator left the employment of the Everett school district and had en-

tered into the employment of the Vancouver school district, the board of trustees of the state fund received and accepted proof of his service at Everett and credited the same to him upon its records, but that thereafter, by letter dated September 30, 1929, the board of trustees of the state teachers' retirement fund notified the relator that he was no longer a member of such fund and then refused and has since refused to accept any further dues from him or to recognize him as a member.

It is further set forth that relator asked for a reconsideration by the board, and that the board has reconsidered the matter on several occasions, and finally, on April 3, 1930, notified the relator that the board was in doubt regarding what disposition should be made of his case, and requested that he institute an action such as this to secure a determination of the matter.

The prayer of the complaint is for an alternative writ of mandamus requiring respondents to reinstate the relator as a member of the state teachers' retirement fund, with all proper credit for services and dues, and to accept from relator the payment of all dues up to date, and to credit the relator with all services rendered as a teacher up to this date, or to appear and show cause why they should not do so; and further prays that, upon a hearing, a peremptory writ of mandamus be issued to accomplish the same result.

To this complaint the *Attorney General* has filed a general demurrer, but in his brief and argument before this court he states his position to be that he is committed to the relator's construction of the statute by reason of a previous opinion rendered to the board, at its request, on January 23, 1930.

By a previous order, *amicus curiae* has been authorized to appear on behalf of the board and in op-

342

position to the relator, and he has favored us with a brief and oral argument.

The facts being admitted by the demurrer, we have only to construe the statutes applicable; but that is no simple and easy task.

These statutes appear to have come before this court for consideration but once heretofore, and in that case, *State ex rel. Baisden v. Preston,* 151 Wash. 175, 275 Pac. 81, the court's attention was directed to but one question not here directly involved, and therefore that case affords but little light in our present investigation.

The local fund act was first in point of time, Rem. Comp. Stat., §§ 4995 *et seq.,* and of course it was enacted without reference to the later legislation. Rem. Comp. Stat., § 5001, defines who may become members, and § 5003 provides that any teacher, entering the employment of a district after a local fund has been there established, must become a member of such local fund. The matter is in no way optional, but is imperative. Hence, relator, upon entering the employ of the Everett district, became a member of the Everett local fund by virtue of the prior statute and without reference to his volition.

The real question here is then, Did relator, upon thus becoming a member of the Everett local fund, cease to be a member of the state fund?

The later act, Laws of 1923, p. 637, chapter 187, was of course enacted with knowledge of the compulsory nature of the prior act which we have already pointed out, and must be construed with that thought in mind.

Section 1 of the state fund act contains definitions, and, because an argument is here based upon certain of these definitions, that section is set out:

"The word 'teacher' wherever used in this act shall be held and construed to mean and include any person

regularly employed as teacher, instructor, principal, supervisor, state, county or city superintendent, in the public schools of this state, or as an assistant to any such teacher, instructor, principal, supervisor or superintendent. The word 'member' wherever used in the act shall be held and construed to mean and include any teacher who shall be a contributor to the retirement fund mentioned in section 2, also any person who shall be an annuitant of such fund, also any teacher while temporarily absent on leave for professional preparation, as hereinafter provided. The word 'annuitant' wherever used in this act shall be held and construed to mean and include any member who shall have been retired and shall be entitled to receive an annuity under the provisions of this act. The word 'trustees' wherever used in this act shall be held and construed to mean and include a regularly elected, qualified or acting member of the board of trustees provided for in section 3.'' Rem. 1927 Sup., § 5020-1.

Section 2 creates the fund and provides that it shall consist of contributions from teachers and moneys from such other sources as may be provided by law. Section 3 provides for a board of trustees and for its appointment. Section 4 gives the board power to make rules and regulations, but we are not advised of any rule having been made which might or could affect the present question. Sections 5 to 7, inclusive, have no bearing on the question now before us. Section 8 provides that any teacher ''not being a member of a local teachers' retirement fund in this state'' may, at any time before May 1, 1924, by making proper application, become a member, and relator, having complied with the terms of this section, became a member accordingly.

Section 9 provides for action upon such applications and the giving of credit for prior teaching service, and ends with the proviso:

''Provided further, No teacher having the right to make application for membership prior to May 1, 1924,

as provided in section 8, who has failed or refused to do so, shall be received into membership.'' Rem. 1927 Sup., § 5020-9.

Section 10 provides:

''Every teacher except those mentioned in the last proviso of section 9 and those now or hereafter members of a local teachers' retirement fund in this state entering the employment of any school district in this state not having a local teachers' retirement fund, shall become a member of such state fund by virtue of such employment.'' Rem. 1927 Sup., § 5020-10.

Section 11 provides for graduated assessments against and deductions from the members' salaries to be continued at certain specified rates until the member has thus contributed $720 to the fund as follows:

''Twelve dollars ($12) per year up to and including the tenth year of total service; twenty-four dollars ($24) per year from and including the eleventh and up to and including the twentieth year of total service; and thirty-six dollars ($36) from and including the twenty-first year of total service, until the total contribution of the member to the fund shall equal seven hundred and twenty dollars ($720).''

The section continues:

''Every member of the fund other than annuitants and those from whose salaries deductions are being made and every member of the fund granted leave of absence for professional preparation shall on or before the fifth day of December and May respectively of each year, pay to the state treasurer for the benefit of the fund a like amount as is hereinabove required to be deducted from the salary of a member employed by any district and take the treasurer's receipt therefor.'' Rem. 1927 Sup., § 5020-11.

Sections 12 to 15, inclusive, do not affect the rights or duties of members.

Section 16 reads:

''Any member leaving the employment of a school district in this state other than as an annuitant or upon

leave of absence expressly granted, shall upon being reemployed as a teacher in this state be credited with contributions previously made to the fund and upon satisfactory proof shall be credited with such service in teaching as has been rendered in the interim." Rem. 1927 Sup., § 5020-16.

Section 17 provides for retirement benefits after thirty years of service as a teacher and

"Provided further, In case the credit for the membership dues of any member at the date of retirement shall be less than the sum of seven hundred twenty dollars ($720), there shall be retained from the first retirement annuity payments a sufficient amount to make the total credit of such retiring member equal the sum of seven hundred twenty dollars ($720) and thereafter such retiring member shall be entitled to the annuity payments provided for above." Rem. 1927 Sup., § 5020-17.

No other provisions of the act are brought in question here except as found in sections 27 and 28. In the first named section it is provided:

"The members of any local teachers' retirement fund organized under chapter 163, Session Laws of 1917 and amendments thereto, existing at the time of taking effect of this act, may by a majority vote transfer their membership to the state teachers' retirement fund created by this act." Rem. 1927 Sup., § 5020-27.

And section 28 reads:

"Any member of the state fund who shall leave the employment of a district under the provisions of this act and enter the employment of a district in which a local retirement fund shall have been established under the provisions of chapter 163, Session Laws of 1917, and amendments thereto, shall be entitled to have the amount such member has contributed to the state fund, but without interest thereon, transferred to, and shall be given credit therefor in the local fund of the district where employed, and shall be entitled to have not more

than three years of service in the state fund credited as service in the local fund in case the member shall apply for an annuity from the fund of the local district under the provisions of chapter 163, Session Laws of 1917, and amendments thereto: Provided, That such transferred service shall not reduce the total amount of service required, or the amount of service required in this state.'' Rem. 1927 Sup., § 5020-28.

Relator's chief argument is based upon the permissive or optional features of section 28. He urges with some show of reason that, had the legislature intended that one going from a district under the state fund to a district with a local fund should thereby cease to be a member of the state fund, it could easily have said so in unequivocal language. The language employed in other parts of the act lends support to this view, for in all other cases commands and prohibitions are so clearly expressed as to leave nothing for construction. As was said in the *Baisden* case, *supra,* in construing § 10 of the act, ''it seems to us clear that there is no room for construing this language.''

But, let us take a larger view of the situation in order to arrive at the legislative intent. The earlier law provides for small units, consisting each of a single district, while the later act was intended to be state-wide and all-inclusive, except as to locals that had already been authorized. It might well have been the legislative purpose not to encourage the organization of more local units, but to invite such units as provided in § 27 to come into the larger movement as rapidly as possible, and apparently to that end, when it reluctantly permitted a transfer from the state fund to a local fund, it limited the service credit to three years, though the person affected may have been within a year, a month, or a day of a thirty-year service credit in the state fund when the transfer took place.

The legislature no doubt saw clearly that, teaching being a profession, the idea of service must be kept uppermost, and that it would be wrong, morally at least, to, in effect, forbid a teacher to transfer his services to that community in which he might be most needed or of the greatest good. To compel him to forfeit his membership in the state fund upon accepting service in a district with a local fund, would be either to forbid such transfer of the teacher's activities or to deprive him of all he had theretofore earned under the state fund, save only the principal of his contribution and three years of service. And perhaps, also, by reason of age and length of service, all of this without the possibility of his ever receiving any benefit from the local fund. Therefore, while, in justice to the local fund, he must contribute to and be a member of it while serving within its jurisdiction, yet, by leaving the matter of the transfer of his claims from the state fund optional, as it did, the older teachers who could hardly hope to become annuitants in the local fund might remain under the state fund, while younger teachers might find it advantageous to transfer.

But, says *amicus curiae,* the definition of a member, as contained in § 1 of the act, is:

"The word 'member' wherever used in the act shall be held and construed to mean and include any teacher who shall be a contributor to the retirement fund mentioned in section 2, also any person who shall be an annuitant of such fund, also any teacher while temporarily absent on leave for professional preparation, as hereinafter provided." Rem. 1927 Sup., § 5020-1.

Very good, and relator is such a contributor. He began to contribute when the law began to function, and he continued to contribute until perforce he was required to contribute to the local fund. The amount which he contributed has never, by his request or with

his consent, been transferred. Therefore, as to him, it is still in the state fund to which he contributed it, and he is still the contributor of it and, therefore, he is "a contributor to the retirement fund" within the definition of the statute.

Again it is said that relator, having a membership in the Everett local from 1925 to 1928, was not, and could not have been, a member of the state fund during that time. That does not follow. As we have seen, he perforce became a member of the Everett local, but, since the law does not say that he may not at the same time retain his previous membership in the state fund, we may not, by construction, force that manifest injustice upon him.

But it is urged finally that, during the three years while relator was under the Everett local, he paid no dues to the state fund and has, therefore, through such failure to pay, ceased to be a member of the state fund.

The answer to that is:

(1) It does not appear affirmatively that relator has not kept up his dues to the state fund. True, the complaint says that he paid dues up to July 1, 1925, but there is nothing to advise us as to what occurred in the matter of the payment of dues thereafter; but

(2) If we assume that he did not pay dues to the state fund after July 1, 1925, we find nothing in the act providing for or permitting a forfeiture for nonpayment of dues for any length of time or at all. There being no word of forfeiture or language from which an intent to forfeit can be inferred, it must follow that there was no intent to forfeit, but that, on the contrary, defaults would be cured by the provisions of §17, which we have quoted. It will be observed that, under the graduated dues provided for in § 11, the required payment would be complete when the time of service is complete, if no default occurred. Hence, the lan-

guage of § 17 must be intended to cover cases where default has occurred, and, having so covered the subject, it is not for us to legislate forfeiture provisions into the act.

Whether the language in § 11, which we have already quoted, makes it the duty of one whose membership has become dormant by reason of serving in a district having a local fund to pay dues notwithstanding that situation, we do not now determine, because, as we have already seen, there is no provision for forfeiture in such an event.

The peremptory writ will issue in accordance with the prayer of the complaint.

MITCHELL, C. J., BEALS, MILLARD, and FRENCH, JJ., concur.