[No. 22533. Department One. October 20, 1930.]

*In the Matter of the Application of* HATTIE SANBORN *for Retirement Annuity.*[1]

*The Attorney General* and *E. W. Anderson, Assistant,* for appellant.

*John T. Hunt,* for respondent.

HOLCOMB, J.—This appeal is here to determine the proper construction of chapter 187, Laws of 1923, p.

[1]Reported in 292 Pac. 259.

637, governing the state teachers' retirement fund. This chapter is codified in Rem. 1927 Sup., as §§ 5020-1 to 5020-29, inclusive. The subdivisions one to twenty-nine, inclusive, corresponding with the sections of the law as enacted, may be referred to as if the original sections.

The controlling facts are not in dispute. The trial court made the following findings of fact and conclusions of law:

## "I

"That Hattie Sanborn, otherwise known and designated as Hattie S. Sanborn, filed in the office of the board of trustees of the state teachers' retirement fund of the state of Washington, on the 29th day of June, 1929, an application for disability annuity.

## "II

"That thereafter, on the 8th day of July, 1929, the said board of trustees of the state teachers' retirement fund of the state of Washington made and entered a motion and order disallowing and denying the said application of the said Hattie Sanborn for disability annuity from the said state teachers' retirement fund of the state of Washington.

## "III

"That thereafter, on the 23rd day of July, 1929, the said board of trustees of the state of Washington, notified the said Hattie Sanborn, by letter, that her said application for disability annuity had been considered and denied by the said board of trustees on July 8, 1929; and thereafter the said Hattie Sanborn duly appealed from the order of the said board of trustees of the state teachers' retirement fund of the state of Washington.

## "IV

"That the record and evidence in the case show that the applicant, at the time she made her application for a disability annuity from the state teachers' retirement fund of the state of Washington, had been a school teacher for a period of thirty-five (35) years, thirteen

(13) years of which she had taught in the public schools of the state of Washington, and the remaining portion of which period she had taught in the public schools of other states.

## "V

"That, on the 14th day of April, 1924, the said board of trustees of the state teachers' retirement fund of the state of Washington, issued to the applicant, Hattie Sanborn, a certificate of membership in the state teachers' retirement fund of the state of Washington; that the applicant did not contribute regularly to said fund on account of the lack of financial ability so to do, and that the said applicant contributed the sum of thirty-six dollars ($36), one year's dues to said fund, which said contribution was paid into court at the time of the trial herein, and was accepted by the board of trustees of the state teachers' retirement fund of the state of Washington, and that the said applicant thereby became a member of said fund in good standing.

## "VI

"That the applicant, at the time she made application to the board of trustees of the state teachers' retirement fund of the state of Washington for disability annuity, as aforesaid, was sixty-seven (67) years of age; that she had ceased teaching at the close of the school year in 1924; that she had made application for employment in the public schools of the state of Washington during every succeeding year, and had been rejected on account of her age and physical incapacity to teach; and that the applicant became incapacitated from teaching in the year 1926, by reason of ill health, and thereafter, to wit, on September 1, 1927, became permanently and totally incapacitated for further service as a teacher and, thereafter, to wit, on the 24th day of October, 1927, underwent a surgical operation, as a result of which her right breast was removed, and that she ever since has been, and now is, totally incapacitated from teaching in the public schools of this or any other state.

## "VII

"That the board of trustees of the state teachers'

retirement fund of the state of Washington, as now constituted, consists of the following persons, to wit, N. D. Showalter, H. O. Fishback, H. E. Loop, Marguerite Painter Gall, and Paul H. Hitchcock.''

"I

"That the applicant, Hattie Sanborn, upon the receipt by her of the certificate of membership in the state teachers' retirement fund to which reference is made in the findings of fact herein, became a member of said fund, and entitled to all the benefits thereof.

"II

"That, upon the payment into court of the sum of thirty-six dollars ($36), one year's dues to said state teachers' retirement fund, and the acceptance thereof by the board of trustees of the state teachers' retirement fund of the state of Washington, to which reference is made in the findings of fact herein, the applicant, Hattie Sanborn, was placed in good standing as a member of said state teachers' retirement fund, and the acceptance by the said board of trustees of said fund of the.said sum of $36, so paid into court, constituted a waiver on the part of said board of its right, if any it ever had, to assert that the said applicant was not a teacher in good standing and a member of said fund within the terms of the statute.

"III

"That the applicant, Hattie Sanborn, is entitled to have and recover of and from the state teachers' retirement fund of the state of Washington, a disability annuity at the rate of four hundred eighty and no/100 dollars ($480), per year, beginning the first day of September, 1927, and continuing so long as she may be disabled from teaching in the public schools of this state.''

Appellant proposed conclusions of law to the contrary of those made by the trial court.

Section 1 of the teachers' retirement act (Rem. 1927 Sup., § 5020-1), in part, reads:

"The word 'member' wherever used in the act shall

be held and construed to mean and include *any teacher who shall be a contributor to the retirement fund* mentioned in section 2, also any person who shall be an annuitant of such fund, also any teacher while temporarily absent on leave for professional preparation, as hereinafter provided. . . . '' (Italics ours.)

Section 1 also defines ''teacher'' as follows:

''The word 'teacher' wherever used in this act shall be held and construed to mean and include any *person regularly employed as teacher,* instructor, principal, supervisor, state, county or city superintendent, in the public schools of this state, or as an assistant to any such teacher, instructor, principal, supervisor or superintendent. . . . '' (Italics ours.)

Section 18, upon which appellant particularly relies, in part reads:

''Any member of the fund who shall have been a teacher for a period of, or periods aggregating, twenty years, embracing not less than one hundred and sixty months of service, twelve years of which service shall have been in the public schools of this state, shall be entitled, upon retiring from service in the public schools and proving to the satisfaction of the board of trustees that he or she has become incapacitated for service in the public schools, to receive a disability annuity of such part of four hundred and eighty dollars ($480) as the number of years of total service of such member is a part of thirty, so long as such member is incapacitated for service: . . . '' (Rem. 1927 Sup., § 5020-18.)

Based upon the foregoing statutory definitions, appellant asserts that, to be eligible to receive a disability annuity, an applicant must be, first, a contributor to the fund; and, second, regularly employed as a teacher; that both qualifications must be shown to exist at the time the disability is claimed to have occurred. Appellant urges that the intention of the legislature was to prevent drains upon the fund by those who never fully perfected their membership by

paying dues into the fund, and to limit the benefits of the disability annuities to those paying members who became incapacitated while actively and actually engaged in teaching.

It seems that various phases of this law have been before us heretofore, but none involving the particular one in question: *State ex rel. Baisden v. Preston,* 151 Wash. 175, 275 Pac. 81; *State ex rel. Reeves v. Loop,* 157 Wash. 339, 289 Pac. 30. In the first case cited, only one question was involved, which is not pertinent here. The *Reeves* case, *supra,* decided, among other things, that a teacher, who began to contribute to the fund when the law authorized such contribution, was a member as defined by § 1 of the act, and could not be held to forfeit his membership in the state retirement fund by having contributed to a local retirement fund thereafter.

It is noted that, by finding V, although the applicant concerned here applied for and received a membership certificate on April 14, 1924, she never thereafter contributed anything to the retirement fund until she contributed thirty-six dollars, which was paid into court at the time of the trial and accepted by the board of trustees of the state teachers' retirement fund as of that time. Thereafter, she became a member of the fund in good standing.

Section 18 of the law must also be considered as referring to and making part of it the definitions contained in § 1. In that section, "member" was defined to include any teacher who shall be a contributor to the retirement fund, etc. "Teacher" was also defined in § 1, and specifically prescribed to mean and include any person regularly employed as teacher, etc. These definitions in the two sections, by transposition into one, in order to ascertain the true meaning of the legislature, would make a section reading as follows:

Any person regularly employed as teacher, instructor, principal, supervisor, state, county or city superintendent in the public schools of this state, or as an assistant to any such teacher, instructor, principal, supervisor or superintendent who shall be a contributor to the retirement fund mentioned in section 2, and who shall have been a teacher for a period of, or periods aggregating, twenty years, embracing not less than one hundred and sixty months of service, twelve years of which service shall have been in the public schools of this state, shall be entitled, upon retiring from service in the public schools and proving to the satisfaction of the board of trustees that he or she has become incapacitated for service in the public schools, to receive a disability annuity of such part of four hundred and eighty dollars ($480) as the number of years of total service of such member is a part of thirty, so long as such member is incapacitated for service.

We grant the contention of respondent that the relation of the applicant is contractual, and that, by acceptance of the terms of the statute, the teacher created a contract, the terms of which could not be impaired by the legislature. We, in effect, so decided in the *Reeves* case, *supra*. But the terms must be accepted by the teacher as the legislature prescribed. We concede, also, the position of respondent that such legislation as is before us is remedial and should be liberally construed. But it is not to be so liberally construed as to lose all sight of the legislative intent. The intention of the legislature is to be deduced from what it said. *Venable v. Schafer,* 28 Ohio Cir. Rep. 202. As to the contractual relation, as was said in *Ball v. Board of Trustees,* 71 N. J. Law 64, 58 Atl. 111, cited by respondent,

"The terms of the agreement are to be ascertained by reference to the statute."

All the parties contributing to the state teachers' retirement fund also sustain contractual relations with it and with each and every member of it and the trustees of the fund. They are all as much concerned in the prevention of unauthorized depletion of the fund as they are in the proper award of an annuity, or a retirement fund, as the case may be, to anyone entitled thereto.

██ Respondent also asserts that the act makes ample provision for the contingency of failing to contribute to the fund by deductions of any amount due from any member to be paid thereunder. Respondent cites no section of the statute making such provision, and we can find none in the statute. The only section relating to deductions from the fund is § 11, providing for graduated assessments and deductions from members' salaries; but that only relates to teachers who are being paid salaries, and further provides that every member of the fund, other than annuitants and those from whose salaries deductions are made, shall, between stated times each year, pay to the state treasurer, for the benefit of the fund, a like amount as is required to be deducted from the salary of a member employed by any district, and take the treasurer's receipt therefor. See *Reeves* case, *supra*. This is far from providing for deductions to be made, where, as in the case of the applicant here involved, she was receiving no salary and she made no contribution. Under the provisions of the sections referred to, contribution to the fund is a condition precedent to the right to participate in it.

Unfortunate and meritorious as the applicant in this case appears to be, we are forced to the conclusion that she has not complied with the teachers' retire-

ment fund act and is not entitled to the annuity ordered to be paid by the court below.

The judgment of the trial court is therefore reversed, and the order of the board of trustees of the retirement fund ordered to be reinstated.

MITCHELL, C. J., TOLMAN, PARKER, and MAIN, JJ., concur.