GERTRUDE K. PRATT MOORE, *Respondent*, v. THE BOARD
OF TRUSTEES OF THE STATE TEACHERS' RETIRE-
MENT FUND, *Appellant*.[1]

*Roberts, Skeel & Holman,* for appellant.
*Yantis & Brodie,* for respondent.

[1]Reported in 16 P. (2d) 195.

176

PARKER, J.—This is an appeal by our board of trustees of the state teachers' retirement fund from a judgment of the superior court for Thurston county, which judgment reversed a decision of the board denying to respondent, Gertrude K. Pratt Moore, teaching time credit claimed by her for her past teaching service, upon the board granting her a certificate of membership in the state teachers' retirement fund. The judgment of the superior court was rendered in favor of Mrs. Moore upon her appeal to that court from the decision of the board.

Our state teachers' retirement fund was established in pursuance of chapter 187, Laws of 1923, p. 637 (Rem. 1927 Sup., § 5020-1, et seq.). Following provisions therein relating to the establishment of a board of trustees of the fund and relating to the administration of the fund, that chapter, in so far as need be here noticed touching Mrs. Moore's membership rights therein, provides as follows (we refer to section numbers of chapter 187, Laws of 1923, p. 637, which are also subdivision numbers of Rem. 1927 Sup., § 5020):

"Sec. 8. Any teacher while employed as such in this state or who is absent on leave from any school district, not being a member of a local teachers' retirement fund in this state, may at any time prior to May 1st, 1924, file with the secretary of the board of trustees, upon a blank to be furnished for that purpose, an application for membership in the state teachers' retirement fund, verified under oath by the applicant, and showing a detailed statement of the applicant's service as a teacher in any district in this state and elsewhere, giving the years and months of service in each, respectively, and shall file with such application, upon blanks to be furnished for the purpose, such proof of service certified by the clerk or other officer having charge of the records of the district where the service was rendered, as may be required by the board of trustees.

"Sec. 9. All applications for membership shall be considered by the board of trustees at the next regular

meeting after the same are filed, or at a special meeting called for that purpose before the next regular meeting, and, if the application is found to be in proper form and accompanied by the proof required by the trustees, the applicant's name shall be entered upon the membership register of the fund, together with the respective totals of years and months of service allowed in any district in this state, and elsewhere, respectively, and a certificate of membership showing the date of issue and the former teaching service allowed, shall be delivered to the applicant and a duplicate thereof transmitted to the secretary or clerk of the school district where such teacher is employed, who shall cause the same to be entered upon the records of the district. In making allowance for former service, a year of service shall be a legal school year where the service was rendered and fractions of years of service may be counted in computing the total years of service when the sum of such fraction equals one or more years: *Provided,* That no teacher shall receive more than one year's credit for teaching in any school year, as defined by the school code of this state: *Provided further,* No teacher having the right to make application for membership prior to May 1st, 1924, as provided in section 8, who has failed or refused to do so, shall be received into membership.

"Sec. 10. Every teacher except those mentioned in the last proviso of section 9 and those now or hereafter members of a local teachers' retirement fund in this state entering the employment of any school district in the state not having a local teachers' retirement fund, shall become a member of such state fund by virtue of such employment, and it shall be the duty of the secretary or clerk of the district or institution, at the time a new teacher is employed, to file with the secretary of the fund a notice, in writing, stating the name of the teacher and the date when the employment begins, and to notify the teacher in writing of the provisions of this act with reference to membership in the fund and that an application for credit for former service, on a form to be furnished for that purpose, may be filed with the secretary of the fund within six months from the date of the beginning of such employ-

ment. In case such application is filed within six months the same shall be considered by the board of trustees and credit allowed and certificate of membership issued as in the case of original applications for membership. In case such application for credit for former service is not filed within six months, the teacher's name shall be entered upon the membership register of the fund without credit for former service and a certificate of membership without such credit shall be issued as in the case of original application for membership.

"Sec. 11. It shall be the duty of the board of directors of each school district, to assess against and deduct from the salary of each member of the fund employed by the district, membership dues at the following rates, to-wit: Twelve dollars ($12.00) per year up to and including the tenth year of total service; twenty-four dollars ($24.00) per year from and including the eleventh and up to and including the twentieth year of total service; and thirty-six dollars ($36.00) from and including the twenty-first year of total service, until the total contribution of the member to the fund shall equal seven hundred and twenty dollars ($720.00). Said assessments and deductions to be made in two equal semi-annual installments from the salary of such member earned in the months of November and April, respectively, of each school year. A receipt for the amount deducted, signed by the secretary or clerk of the district, shall be delivered to the member with the warrant for the installment of salary from which the deduction is made. Every member of the fund other than annuitants and those from whose salaries deductions are being made and every member of the fund granted leave of absence for professional preparation shall on or before the fifth day of December and May respectively of each year, pay to the state treasurer for the benefit of the fund a like amount as is hereinabove required to be deducted from the salary of a member employed by any district. . . ."

"Sec. 17. Any member of the fund who shall have been a teacher for a period of, or periods aggregating

thirty years, embracing not less than two hundred and forty months of service, fifteen years of which service shall have been in the public schools of this state, shall be entitled, upon and during retirement from service in the public schools to receive a retirement annuity of four hundred and eighty dollars ($480.00): *Provided,* That no retirement annuity shall be credited or paid to a member until the expiration of one year from the date of the certificate of membership of such member: *Provided further,* In case the credit for the membership dues of any member at the date of retirement shall be less than the sum of seven hundred twenty dollars ($720.00), there shall be retained from the first retirement annuity payments a sufficient amount to make the total credit of such retiring member equal the sum of seven hundred twenty dollars ($720.00) and thereafter such retiring member shall be entitled to the annuity payments provided for above.''

''Sec. 25. Any claimant feeling aggrieved by the action of the board in rejecting any claim, . . . may, within ten days from the date of such action appeal therefrom to the superior court of Thurston county by filing with the secretary a notice of appeal in writing, . . . the matter shall be set down for hearing *de novo* before the court without a jury and heard in the manner provided by law for setting and hearing appeals from justices of the peace, except as hereinabove provided. Appeals from the decisions of the superior court may be taken to the supreme court of this state in the manner provided by law for taking appeals in equity cases.''

''Sec. 29. This act shall not repeal chapter 163, Session Laws of 1917, nor amendments thereto, in so far as the same may be applicable to school districts of the first class, but said act and amendments thereto shall have full application to all such school districts and to the teachers employed therein. . . .''

These provisions were in some measure amended by chapter 115, Laws of 1931, p. 345, but those amendments are of no moment in our present inquiry,

principally because Mrs. Moore's membership rights in the fund must be determined as of the date of her application, which was before those amendments were made, as will presently appear.

Since the contention here made in behalf of the state board touching Mrs. Moore's claim of membership rights in the state fund is rested upon the nature of her employment as a substitute teacher in the schools of the city of Seattle, a district of the first class having a local teachers' retirement fund established in pursuance of chapter 163, Laws of 1917, p. 744 (Rem. Comp. Stat., § 4995 *et seq.*), we here notice the provisions of that law in so far as material to our present inquiry. That law provides for the voluntarily establishing of local teachers' retirement funds in districts of the first class, of which the Seattle district is one, along the general lines later enacted by chapter 187, Laws of 1923, p. 637, establishing the state teachers' retirement fund.

Membership in a local fund may be voluntarily acquired as follows:

"At any time within one year from the date of the establishment of a fund as in this act provided, any teacher employed by the district at the date of the establishment of such fund, . . . may file with the secretary of the board of trustees, upon a blank to be furnished for that purpose, an application for membership in such fund, verified under oath by the applicant, and showing a detailed statement of the applicant's service as a teacher in the district, in this state and elsewhere, giving the years and months of service in each, respectively, . . ." Chapter 163, Laws of 1917, p. 747, § 7; Rem. Comp. Stat., § 5001.

Membership in a local fund may be automatically acquired as follows:

"Every teacher entering the employment of a district after a fund has been established therein, shall become a member of such fund by virtue of such em-

ployment, and it shall be the duty of the secretary of the district, at the time a new teacher is employed, to file with the secretary of the fund a notice in writing stating the name of the teacher and the date when the employment begins, and to notify the teacher in writing of the provisions of this act with reference to membership in the fund and that an application for credit for former service, on a form to be furnished for that purpose, may be filed with the secretary of the fund within ninety days from the date of the beginning of such employment." Chapter 163, Laws of 1917, p. 749, § 9; Rem. Comp. Stat., § 5003.

As we understand this controversy, the controlling facts are either conceded or well-established by the evidence. Between July 1, 1893, and June 30, 1911, Mrs. Moore taught in the public schools of states other than this state thirteen years, aggregating 119.5 months. Between July 1, 1911, and February, 1931, Mrs. Moore taught in the public schools of this state nineteen years, in the aggregate 141 months, of which fourteen years, aggregating 92 months, she was a substitute teacher in the public schools of Seattle. She entered the employment of the Seattle district as a full-time teacher in 1912, which, it will be noticed, was several years before chapter 163, Laws of 1917, p. 744 (Rem. Comp. Stat., § 4995 *et seq.*), providing for the establishment of local district teachers' retirement funds, became the law. Her full-time teaching in the Seattle district continued until 1917, when she was changed to a substitute teacher of that district. The superior court found, relative to such substitute teaching, as follows:

"That during each of the years from 1917 to 1931, inclusive, appellant [Mrs. Moore] was regularly employed by the Board of Directors of the Seattle School District as a substitute teacher, being elected by said Board at a regular meeting each year to serve as such substitute teacher, and each year appellant [Mrs.

Moore], after being so elected, signed a written agreement to hold herself ready for service as substitute teacher in Seattle as and when called upon to teach; that during each of said years, appellant [Mrs. Moore] taught a portion of the time and during certain years of such period taught practically the entire school year; . . ."

Mrs. Moore never applied for membership in the Seattle school district teachers' retirement fund under chapter 163, Laws of 1917, p. 747, § 7; so she never became a member of that fund under that section. Mrs. Moore did not, by virtue of her employment by the Seattle district, become a member of that fund under chapter 163, Laws of 1917, p. 749, § 9; manifestly because she did not enter the employment of that district after that fund was established.

On January 20, 1931, Mrs. Moore began teaching under contract in the public schools of Lake City school district No. 180, of King county, a district not having a local teachers' retirement fund. On February 25, 1931, Mrs. Moore, claiming right of membership in the state teachers' retirement fund under chapter 187, Laws of 1923, p. 641, § 10 (Rem. 1927 Sup., § 5020-10), by virtue of her then teaching in district No. 180, of King county, which teaching she had commenced on January 20, 1931, filed with the state board her application for certificate evidencing her membership in the state fund, showing and claiming her past teaching service credit, including the fourteen years she had taught as a substitute teacher in the Seattle district. Upon hearing her petition by the state board, her right of membership in the state fund was by the board recognized, but her claimed credit for fourteen years substitute teaching in the Seattle district was by the board denied, she being tendered a certificate showing other past teaching credit, substantially as claimed by her.

From this disposition of Mrs. Moore's application by the state board, she appealed to the superior court for Thurston county, as provided by chapter 187, Laws of 1923, p. 650, § 25 (Rem. 1927 Sup., § 5020-25). Her appeal came on regularly for hearing *de novo* in the superior court, as provided by that section, resulting in a judgment, in effect, reversing the decision of the state board, and awarding to her relief as follows:

"ORDERED, ADJUDGED AND DECREED that the Board of Trustees of the State Teachers' Retirement Fund of the State of Washington be and it is hereby directed and required to forthwith make and enter its order granting the application of the appellant [Mrs. Moore] for membership in the State Teachers' Retirement Fund of the State of Washington, and allowing appellant [Mrs. Moore] credit on such membership for thirty-two (32) years, or two hundred sixty and one-half (260½) months, consisting of thirteen (13) years, or one hundred nineteen and one-half (119½) months, outside of the State of Washington, and nineteen (19) years, or one hundred forty-one (141) months, in the State of Washington."

From this disposition of the cause in the superior court, the state board has appealed to this court.

Counsel for the state board contend here that Mrs. Moore does not have any right whatever of participation in the state fund, and that the state board should have so decided upon its consideration of her application. Counsel for Mrs. Moore insist that the state board should not be permitted upon this appeal to make any such contention, in view of its decision recognizing her right of membership in the state fund and deciding against her application only as to her claim of credit for her fourteen years substitute teaching in the Seattle district.

While we recognize that there may be arguable merit in this position taken in behalf of Mrs. Moore,

we must also recognize that if she, as a matter of law, has no right whatever to membership in the state fund, she has no just complaint of the decision of the state board denying in part her claim of time teaching credit incident to such membership. So we feel called upon to notice this challenge to Mrs. Moore's claimed right of membership in the state fund.

■ Counsel for the state board invoke the concluding provision of chapter 187, Laws of 1923, p. 640, § 9, reading as follows:

"No teacher having the right to make application for membership prior to May 1st, 1924, as provided in section 8, who has failed or refused to do so, shall be received into membership." Rem. 1927 Sup., § 5020-9.

Turning now to § 8, we read:

"Any teacher while employed as such in this state . . . not being a member of a local teachers' retirement fund in this state, may at any time prior to May 1st, 1924, file with the secretary of the board of trustees, upon a blank to be furnished for that purpose, an application for membership in the state teachers' retirement fund, . . ." Rem. 1927 Sup., § 5020-8.

The argument seems to be that Mrs. Moore, not being a member of a local teachers' retirement fund, should have filed her application for membership in the state fund prior to May 1, 1924. True, she was not a member of a local fund, but she was in the employ of the Seattle district, which had a local fund. This of itself, we think, would prevent her from then successfully seeking membership in the state fund. We are led to this view upon a reading of the saving clause of chapter 187, Laws of 1923, p. 652, § 29 (Rem. 1927 Sup., § 5020-29) as follows:

"This act shall not repeal chapter 163, Session Laws of 1917, nor amendments thereto, in so far as the same may be applicable to school districts of the first class,

but said act and amendments thereto shall have full application to all such school districts and to the teachers employed therein. . . . ''

While the above quoted language of §§ 8 and 9, standing alone, might be held to have the far-reaching effect contended for by counsel for the state board, we think, in view of the saving clause of § 29, that they have reference only to teachers employed in the state outside of districts having a local teachers' retirement fund; thus making each law fully operative within its own sphere. We conclude that Mrs. Moore on February 25, 1931, having on January 20, 1931, entered the employment of school district No. 180, of King county, a district not having a local retirement fund, not only became eligible to membership in the state fund, but automatically became a member of the state fund under chapter 187, Laws of 1923, p. 641, § 10 (Rem. 1927 Sup., § 5020-10), ''by virtue of such employment,'' and that she was not excluded therefrom by the provisions of §§ 8 and 9, last above quoted.

Mrs. Moore's right of membership in the state fund being established, we now inquire as to whether or not she is entitled, incident to that membership, to credit for the fourteen years she taught as a substitute teacher in the Seattle district. That, in our opinion, was teaching ''in the public schools of this state,'' within the meaning of chapter 187, Laws of 1923, p. 645, § 17 (Rem. 1927 Sup., § 5020-17); that is, it was teaching for which Mrs. Moore is entitled to credit incident to her membership in the state fund. If she were a member of the Seattle district fund, or had been legally obligated to seek membership in that fund when it was established, our problem might be somewhat differently conditioned. Now, what was Mrs. Moore's relationship to the local fund of the Seattle district? We have seen that she entered her teaching employ-

ment therein several years before that local fund was established under chapter 163, Laws of 1917, p. 744 (Rem. Comp. Stat., § 4995 *et seq.*). By the provisions of § 7 of that law (Rem. Comp. Stat., § 5001), above quoted, she was privileged, but not required, to become a member of that local fund. She never did become a member of that local fund. By the provisions of § 9 of that law (Rem. Comp. Stat., § 5003), above quoted, she did not automatically become a member of that fund "by virtue of her employment," because she entered upon her employment several years before the creation of that fund. So Mrs. Moore's present membership rights in the state fund, in our opinion, are not in the least impaired by her failure to become a member of the Seattle district fund, though she might have voluntarily become a member of that fund.

Our decisions in *State ex rel. Baisden v. Preston,* 151 Wash. 175, 275 Pac. 81, *State ex rel. Reeves v. Loop,* 157 Wash. 339, 289 Pac. 30, and *In re Sanborn,* 159 Wash. 112, 292 Pac. 259, called to our attention by counsel, are of interest touching chapter 163, Laws of 1917, p. 744 (Rem. Comp. Stat., § 4995 *et seq.*), and chapter 187, Laws of 1923, p. 637 (Rem. 1927 Sup., § 5020-1 *et seq.*). We think these are not out of harmony with our conclusion here reached. This is a different problem from any of those there involved. Other matters discussed by counsel, we think, do not call for judicial inquiry upon this appeal.

The judgment of the superior court is affirmed.

TOLMAN, C. J., MITCHELL, HOLCOMB, and MILLARD, JJ., concur.