[No. 24070. Department One. November 16, 1932.]

THE STATE OF WASHINGTON, *on the Relation of Edna H. Gerhardt, Respondent,* v. THE BOARD OF TRUSTEES OF THE STATE TEACHERS' RETIREMENT FUND, *Appellant.*[1]

*Ralph Woods,* for appellant.

*Colvin & Rhodes,* for respondent.

PARKER, J.—By this mandamus proceeding commenced in the superior court for Thurston county, the

[1]Reported in 16 P. (2d) 200.

relator, Mrs. Gerhardt, sought the compelling of the board of trustees of the state teachers' retirement fund to recognize and make of record, as provided by law, her membership in the state teachers' retirement fund, under the provisions of chapter 187, Laws of 1923, p. 637 (Rem. 1927 Sup., § 5020-1). Following a hearing in the superior court upon the merits, the court awarded to Mrs. Gerhardt relief by its judgment, reading in part as follows:

"That said respondents [appellants here] forthwith make an order, as the board of trustees of the state teachers' retirement fund, and spread the same on the minutes of said board, establishing the relator as a member of the state teachers' retirement fund."

For purposes of this appeal, we regard the following facts to be clearly established. Our quotations are from the trial court's findings. In 1917, and for sometime prior thereto, Mrs. Gerhardt was a regularly employed teacher in the public schools of the Seattle school district. In that year, there was established in that district a district teachers' retirement fund, under chapter 163, Laws of 1917, p. 744 (Rem. Comp. Stat., § 4995 et seq.). Mrs. Gerhardt then became a member of that district fund. Her teaching continued in that district until June 15, 1923. While so teaching in that year, her teaching contract provided, among other things, that "marriage of a woman teacher during the period of her employment automatically cancels this contract." In April, 1923, Mrs. Gerhardt, nee Miss Hallock, was married. She then notified the superintendent of her marriage, but was permitted to continue teaching during the remaining portion of that school year, which terminated June 15, 1923.

During the whole time of her teaching in the Seattle district, Mrs. Gerhardt's assessments, due to the district retirement fund, were paid directly by the

district by deductions from her salary from time to time as provided by chapter 163, Laws of 1917, p. 749, § 10 (Rem. Comp. Stat., § 5004). Mrs. Gerhardt did not teach, either in the Seattle district or elsewhere, after June 15, 1923, until January 6, 1930, when she began teaching under contract in the public schools of district No. 209, of King county, where she has continued teaching up to the present time; that is, up until the rendering of the judgment in this cause in the superior court in April, 1932. School district No. 209 has not had, at any time while Mrs. Gerhardt was teaching therein, any district teachers' retirement fund.

The trial court found

" . . . that at no time since April [June], 1923, has relator contributed to the teachers' retirement fund of Seattle School District No. 1, nor to any other local teachers' retirement fund. That she has at no time been an annuitant of any local teachers' retirement fund, or a contributor to any local teachers' retirement fund, nor was she at any time, or now, temporarily absent on leave from School District No. 1 for professional preparation."

The trial court further found

" . . . that immediately upon relator's employment in district No. 209, King county, Washington, relator applied for membership in the state teachers' retirement fund, and has repeatedly renewed her application and has tendered payment of all sums required by the state laws of the state of Washington, but said relator has at all times been refused membership in said state teachers' retirement fund."

 Section 10, chapter 187, Laws of 1923, p. 641 (Rem. 1927 Sup., § 5020-10), reads in part as follows:

"Every teacher except those mentioned in the last proviso of section 9 and those now or hereafter members of a local teachers' retirement fund in this state entering the employment of any school district in this

state not having a local teachers' retirement fund, shall become a member of such state fund by virtue of such employment, . . ."

That was the law at the time Mrs. Gerhardt entered the employment of school district No. 209, of King county, and sought recognition of her membership in the state teachers' retirement fund. So she then became a member of that fund "by virtue of such employment," unless she was excluded by the exceptions referred to in this quoted provision of § 10. The findings of the trial court, above quoted, we think, plainly negative the existence of any of those exceptions. See our decision this day rendered in *Moore v. The Board of Trustees of the State Teachers' Retirement Fund,* ante p. 175, 16 P. (2d) 195, construing the exception provisions found in chapter 187, Laws of 1923, p. 640, §§ 8, 9 and 10 (Rem. 1927 Sup., §§ 5020-8, 5020-9, 5020-10). So we conclude that Mrs. Gerhardt became a member of the state teachers' retirement fund "by virtue of such employment" as a teacher in district No. 209 of King county, and that the trial court correctly so decided by so adjudging, as above noticed.

Contention is here made in behalf of the state board that mandamus is not a remedy available to Mrs. Gerhardt in seeking the establishing of her membership in the state teachers' retirement fund, and that the trial court should have so decided and dismissed her application. Counsel invoke the appeal provisions of chapter 187, Laws of 1923, p. 650, § 25 (Rem. 1927 Sup., § 5020-25), reading as follows:

"Any claimant feeling aggrieved by the action of the board in rejecting any claim, or any annuitant aggrieved by the action of the board in discontinuing the payment of any annuity, or any five members aggrieved by the action of the board in allowing any claim or continuing the payment of any annuity allowance, may, within ten days from the date of such

action appeal therefrom to the superior court of Thurston county by filing with the secretary a notice of appeal in writing, . . . "

We are of the opinion that the right of membership in the state teachers' retirement fund here sought to be established by Mrs. Gerhardt is not a claim within the meaning of this quoted appeal provision. This is but a question of membership in the state teachers' retirement fund. So far in this controversy, the state board has not considered, indeed has refused to consider, any other matter. This is not a question of the state board granting to Mrs. Gerhardt membership in the state fund; but, in its last analysis, is a question of Mrs. Gerhardt's being a member of the state fund by virtue of her entering the employment of school district No. 209, a district not having a district retirement fund. So viewing this cause, we are of the opinion that Mrs. Gerhardt has the right by this mandamus proceeding to enforce recognition of such membership by her, as determined by the judgment of the superior court.

We note that the judgment of the superior court goes further than adjudging Mrs. Gerhardt to be a member of the state retirement fund, in that it purports to determine the extent of her rights under such membership; that is, by determining the amount of time credit for her past teaching to which she may be entitled as such member. This is a matter which has never been decided by the state board. Indeed, as we have noticed, that board has refused to entertain any such matter. When it has done so and Mrs. Gerhardt conceives herself to be injured thereby, she will then, of course, have her right of appeal, as provided by chapter 187, Laws of 1923, p. 650, § 25 (Rem. 1927 Sup., § 5020-25).

The judgment is affirmed in so far as it adjudicates Mrs. Gerhardt's membership in the state teachers' retirement fund. The judgment is reversed in so far as it purports to further adjudicate the extent of her rights under that membership.

No costs shall be taxed in favor of or against any of the parties to this appeal.

TOLMAN, C. J., MITCHELL, HOLCOMB, and MILLARD, JJ., concur.