238    SUPREME COURT OF WISCONSIN.    [Dec.

State ex rel. Murphy v. Board of Trustees, etc. 168 Wis. 238.

STATE EX REL. MURPHY, Respondent, vs. BOARD OF TRUS-
TEES OF THE TEACHERS' INSURANCE AND RETIREMENT
FUND OF WISCONSIN, Appellant.

*November 7—December 3, 1918.*

*Schools and school districts: Teachers' retirement.fund: Powers
of board: Rules and regulations: Right to annuity: Mistake
as to assessments: Deficiency.*

1. The limits of and the limitations upon the rights of those claim-
ing benefits under the teachers' retirement act (ch. 42, Stats.)
are fixed by that statute, and the board intrusted with the
management of the fund thereby created, while it may, under
sec. 42.03, reasonably regulate the manner in which and the
forms by which such rights may be obtained, cannot restrict
or enlarge the rights given by the statute, nor can it lessen
or add to the number of those entitled to such benefits.

2. Thus, the statute (in sec. 42.11) having given to "any teacher
who may be teaching" in the public schools of this state the
right to an annuity after a certain period or periods of serv-
ice, to be computed as therein provided, and having (in sec.
42.17) defined the term "teacher" as including "all persons
legally employed in teaching in the public schools . . . out-
side of cities of the first class, and all persons legally or
officially employed or engaged in superintending, supervising
or inspecting such public schools," the board had no power,
especially after an application for an annuity had been made
by a person coming within said definition and who had other-
wise met the statutory requirements, to exclude such applicant
by the adoption of a rule that "no credit is given for teaching
in our public schools, unless the teacher is regularly employed
for at least half-day work."

3. The retirement fund having, under the statute, other sources
for its creation and support, the fact that the contributions
made to the fund by an applicant for an annuity had for sev-
eral years been less than the proper amount, due to an error
in computation by the city clerk, did not affect her right to
have such annuity granted upon the condition that she first
pay into the fund the amount required by law (secs. 42.08,
42.11) to make up any deficiency in the total amount paid.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The appeal is from a judgment granting a peremptory writ of *mandamus* directing defendant to recognize plaintiff as entitled to an annuity of $325.

On October 7, 1911, the plaintiff, *Kate F. Murphy,* then and for years prior thereto a qualified teacher in the public schools of the city of ·Menomonie, Dunn county, in this state, made the proper application to come within the provisions of ch. 323 of the Laws of 1911, and on May 22, 1913, gave the required notice of her application for the annuity provided for under the provisions of that chapter, the so-called teachers' retirement act.    It was stipulated by the parties that under the conceded facts the petitioner was entitled to full credit for twenty-three years of time under the provisions of the law in question, and the only question litigated was as to whether or not, under the facts as shown, of her employment and occupation during the years from· 1910 to 1913, there was a sufficient compliance with the law to entitle her to credit for the twenty-five years and therefore to the annuity.

For a considerable period prior to the fall of 1910 *Miss Murphy* taught and had charge of the art work in the public schools of the city of Menomonie, her salary being for some time at the rate of $1,200 and later on $1,400 a year.    In the fall of 1910 she was employed as a teacher in the Stout manual training school at Menomonie at a yearly salary from that school of $1,200, and was at the head of its art department and continued in that capacity during that year and the following two years.    She was at the same time receiving a salary from the city of Menomonie of $200 per year for each of these years as a teacher and having control and supervision of the art work of the public schools of said city.    During the same years the city employed another teacher, Miss Anderson, in the art department of its public schools at a salary of about $360 per annum.    The same work was carried on by the joint services of the petitioner and Miss Anderson in the city schools that had theretofore

been done by *Miss Murphy*. During these years she conducted two classes a day of pupils from the public schools of Menomonie in two periods of fifty minutes each and at the Stout Institute.

By some contract not clearly defined under the evidence in the case before us, between the city of Menomonie and the Stout Institute during these three years, the said city paid the Stout Institute $4,050 per year, and under that arrangement the classes in art of the public schools were to use the art department of the Stout Institute and all the art work of the city schools was to be done there.

Plaintiff's contributions to the retirement fund during these years in question were computed by the city clerk of Menomonie and deducted by him from the $200 paid by the city to her and amounted to $3.96 for the years 1911-1912 and $4 for the following year, instead of the two per cent. on the annual salary she received those years of $1,400. The question of her right to such annuity upon her application was before the defendant board at various meetings between December 20, 1913, and its final action on March 20, 1916, the board then deciding that there was not sufficient evidence to warrant them in giving the petitioner credit for the twenty-five years of service required under the law. These proceedings were instituted in March, 1917.

The trial court held that the rules adopted and relied upon by defendant board as a justification for its denial of the annuity to plaintiff were contrary to the provisions of the statutes, void, and of no effect, and that the petitioner was entitled to the relief for which she prayed upon her paying into the fund $317.04 as required under the statute; and from a judgment entered in accordance therewith the defendant board has appealed.

For the appellant there was a brief by the *Attorney General* and *J. T. Dithmar,* assistant attorney general, and oral argument by *Mr. Dithmar.*

For the respondent there was a brief by *Robert S. Cowie*

of Whitehall and *Alfred H. Bushnell* of Madison, and oral argument by *Mr. Bushnell.*

ESCHWEILER, J. Ch. 323, Laws 1911, creating what were then known as secs. 460—1 to 460—20, inclusive, now appears, with subsequent amendments, as ch. 42, Stats., secs. 42.01 to 42.18, known as the teachers' retirement act.

Sec. 42.03 provides with reference to the defendant board as follows:

"Said board may adopt rules for the government of its meetings and for membership in the fund, payments thereto and therefrom, and for other matters which will be calculated to aid teachers in securing the benefit of the fund."

Sec. 42.11. "Any teacher who may be teaching in said public schools and who has complied with the provisions of this chapter, may retire and receive the annuity provided for in the following cases:

"(1) After a period or periods aggregating twenty-five years of service as teacher, of which eighteen years must have been spent in the public schools of this state, provided that payments by said teacher to the fund shall have amounted to a sum as provided in section 42.08. If said payments shall not have amounted to said sum, the teacher shall pay into the fund the deficiency before receiving said annuity. . . .

"(3) In computing the terms of service under subsections (1) . . . a year shall be a legal school year at the time and place where said service was rendered, except that where the service was rendered in schools not included within the provisions of this chapter, a time less than a legal school year in this state shall not be included as a year, but only as such proportion of a year as the number of teaching weeks in each such year bears to the number of weeks required at the time to constitute a legal school year in this state."

On May 18, 1912, and subsequent to the date at which petitioner came under said chapter, the defendant board, claiming to act under the provisions of sec. 42.03 above quoted, adopted a rule reading as follows: "Any teacher who

is regularly employed during the school year as a half-day teacher will receive credit for one-half school year."

On March 28, 1914, and after petitioner's application for an annuity had been made May 22, 1913, the defendant adopted a further rule reading: "No credit is given for teaching in our public schools unless the teacher is regularly employed for at least half-day work. Any teacher doing less than half-day work should not be assessed."

The defendant's refusal to grant the annuity is based upon its contention that inasmuch as it appeared that plaintiff only taught classes from the city schools for two school periods of fifty minutes each per day, and that such one hundred minutes of daily instruction or teaching was less than the amount of time required of other teachers to be done each half day, she failed to meet the requirements of the rules they had adopted and was entitled to no credit under this law for those years.

The statute itself, however, makes no such restriction, and by its language sec. 42.11, quoted above, gives the right of an annuity to "any teacher who may be teaching in said public schools . . . after," etc. By sub. (3) of the same sec. 42.11 the unit for the computation of length of service is made a "legal school year" in domestic schools, and it further provides for the computing of the years spent in outside schools by shortening each such year in proportion as it is less than the school year in this state. But no suggestion of any such shortening process of the school-year unit is made for teachers in Wisconsin schools.

In the absence of anything in the statute to so lessen plaintiff's right, we are satisfied, under the evidence, that she met the statutory requirements for the period involved, for during that time she was legally employed in teaching and officially employed in supervising in a public school in this state. She was therefore a "teacher" within the definition by sec. 42.17, namely, "The term 'teacher' as used in this chapter shall include all persons legally employed in teach-

ing in the public schools of the state of Wisconsin outside of cities of the first class, and all persons legally or officially employed or engaged in superintending, supervising or inspecting such public schools."

Conceding the wide power and discretion that is vested in bodies like the defendant and the consideration that is always shown for their determinations as to facts coming within the scope of their administration, yet the statute, not the board, fixes the limits of and the limitations upon the rights of those claiming the benefits provided by the statute. The board may reasonably regulate the manner in which and the forms by which such rights may be obtained, but it can neither restrict nor enlarge the rights given by the statute, and it cannot lessen and it cannot add to the number of those entitled to such benefits. *State ex rel. Buell v. Frear*, 146 Wis. 291, 306, 131 N. W. 832; *State ex rel. Adams v. Burdge*, 95 Wis. 390, 70 N. W. 347.

That the plaintiff's contributions to the trust fund during the years in question were based on a percentage upon the $200 per annum instead of the $1,400 she received, is not of much weight here where such fund is not solely dependent upon assessments or payments by those to be benefited. This fund has other sources under the statute for its creation and support, and, besides, plaintiff's right to the annuity she asked was granted by the court below on the proper condition that she first pay into the fund the amount required by law to make up any deficiency in her payments to the fund.

*By the Court.*—Judgment affirmed.

OWEN, J., took no part.