[No. 26075.  *En Banc.*  November 18, 1937.]

ROSE G. CHARTERS, *Appellant*, v. THE BOARD OF TRUSTEES OF SEATTLE TEACHERS' RETIREMENT FUND, *Respondent.*[1]

[1]Reported in 73 P. (2d) 508.

262

*Tom W. Holman* and *Harold A. Pebbles,* for appellant.

*B. Gray Warner, Wm. Hickman Moore,* and *Patrick M. Tammany,* for respondent.

BEALS, J.—This case involves the provisions of chapter 163, Laws of 1917, p. 744 (Rem. Rev. Stat., § 4995

[P. C. § 4425] *et seq.*), known as the "Local Teachers' Retirement Fund Act."

Plaintiff, Rose G. Charters (born Rose Gilbraith), is a school teacher, having commenced her teaching career in Columbia county during the year 1896. She taught continuously as a regular teacher until 1918. During the school year 1918-1919, she taught as a substitute teacher in the Seattle district. During the year 1919-1920, she taught at Stanwood, and from the year 1920-1921 to the year ending June 30, 1927, she was employed as a substitute teacher in the Seattle district and actually taught during each school year, the periods of teaching varying from 44 to 180 days. During the year 1933-1934, she taught as a substitute teacher in the Seattle district for 23 days, which completed her teaching record prior to the institution of this action.

The teachers' retirement fund act, above referred to, became effective just prior to July 1, 1917, on which day the 1917-1918 school year began. The Seattle school board had adopted a rule barring married women as regular teachers in the Seattle district, and, as plaintiff planned to marry during the summer of 1918, she did not apply for membership in the fund, although she filed her service statement. During the school year 1918-1919, she taught 152 days as a substitute teacher. Her connection with the Seattle district schools was severed when she accepted the position of superintendent of schools of Stanwood for the year 1919-1920. After the year at Stanwood, plaintiff returned to Seattle and taught as a substitute teacher in that district, as above set forth.

Plaintiff's teaching experience covered thirty-eight years, although she actually taught during only thirty-two years. For eighteen years, she taught in the Seattle district, acquiring a teaching credit of 148 months, 14 days. For fourteen years, she taught outside of Seattle,

with a credit of 114 months, making in all, according to plaintiff's contention, an actual teaching service of 262 months, 14 days. Of this, as a regular teacher she taught 204 months, and as a substitute 58 months, 14 days. On the trial, defendant board apparently conceded the correctness of plaintiff's statement of her teaching service as set forth in her certificate dated April 23, 1918.

The act of 1917 provided that a teacher might, by application filed before May 1, 1918, voluntarily become a member of the fund established by the act. As above stated, plaintiff did not apply for membership under this act, because she expected to be married and knew that her marriage would prevent her from longer teaching in the Seattle district. Upon her return to Seattle, she was not admitted to membership in the fund, nor has she ever formally become a member thereof. She was never notified that she had become a member by operation of law, and no deduction from her salary was ever made for the benefit of the fund. It seems that the local board, in spite of an opinion of the attorney general to the contrary, was of the opinion that plaintiff was barred from membership in the fund because she was a substitute teacher.

During the year 1934, plaintiff applied for membership in the fund, and upon rejection of her application appealed to the superior court from the adverse ruling of the board. After a hearing, the court entered a judgment to the effect that plaintiff is not entitled to any benefits of the local teachers' retirement fund of Seattle district and affirmed the board's ruling. From this judgment, plaintiff has appealed to this court.

The errors assigned present the question of whether or not, under the record made, the ruling of the court against appellant's contention that she was entitled to membership in the fund was correct.

Appellant testified that, during the month of June, 1918, she wrote to the school directors, tendering her resignation as a teacher in the Seattle schools, for the reason that she was about to be married; advising the directors, however, that she would be available in September as a substitute teacher. She served as such substitute teacher during the year of 1918-1919, but the next year completely severed her connection with the Seattle district, and for a year taught at Stanwood.

The pertinent portions of Rem. Rev. Stat., § 5010 [P. C. § 4440], a portion of the act creating the fund in question, read as follows:

"Any member of the fund who shall have been a teacher for a period of, or periods aggregating thirty years, embracing not less than two hundred and forty months of service, fifteen years of which service shall have been in the public schools of this state, and twelve years of which service shall have been in the district where such person is a member, shall be entitled, upon and during retirement from service in the public schools to receive a retirement annuity of four hundred and eighty dollars ($480): . . . And provided further, that in case the credit for membership dues of any member, at the date of retirement, shall be less than the sum of seven hundred and twenty dollars ($720), and thereafter shall be paid such annuity, unless the member shall elect to pay into such fund the necessary amount to make up the total credit of seven hundred and twenty dollars ($720), in which case the annuity shall be paid to the member."

Respondent contends, and the trial court evidently held, that, in order to compute, for the purposes of the act in question, the teaching service of one employed as a substitute teacher, the number of days taught in any year should be used as a numerator over 189 as denominator, the latter being the number of teaching days in a school year in the Seattle district. It is contended that respondent board had, under law-

ful authority, adopted rules and regulations prescribing this method. In Seattle, the full number of days comprising a school year equals ten school months, or three hundred months in thirty years. The statute above quoted, however, provides that, to obtain the benefits of the act, a member of the fund must have been a teacher for periods aggregating thirty years, embracing not less than 240 months of service.

It is elementary that, in construing a statute, weight must be given to all its parts, and where practicable, effect given to each. Aided by this rule, we hold that, in the portion of the section quoted, two conditions are prescribed; the first requiring that the person seeking the benefit of the act must "have been a teacher" for thirty years; the second, that the actual teaching service must be not less than 240 months.

In § 5002 [P. C. § 4432] of the act, it is provided that:

". . . In making allowance for former service, a year of service shall be a legal school year where the service was rendered and fractions of years of service may be counted in computing the total years of service when the sum of such fraction equals one or more years: Provided, that no teacher shall receive more than one year's credit for teaching in any school year, as defined by the school code of this state."

This section must be considered in determining the proper construction to be placed upon the other sections of the act pertinent to this inquiry.

While, under the act, respondent board had the right to make certain rules and regulations, these cannot alter or change the statute and, if in contravention thereof, must give way.

■. On the trial, respondent conceded that appellant's service record, as stated in her certificate dated April 23, 1918, is correct. It is also admitted that, in addition to the service shown thereon, she is entitled to credit for the school year of 9½ months during which

she taught in Stanwood. Respondent admits that, outside of her substitute teaching, appellant taught 183½ months as a permanently employed or regular teacher.

Upon the question of the amount of credit to which appellant is entitled for her entire teaching service, respondent and appellant differ radically in their respective methods of estimating appellant's years of service. While serving as a regular teacher, appellant actually taught during twenty-two school years. During one year, 1913-1914, appellant engaged in travel, under leave of absence. Whether or not this year should be counted in computing appellant's years of service, in view of our opinion on other questions presented, is immaterial, and we do not determine that question. We hold that she is entitled to credit for this regular teaching for twenty-two years, to count upon the thirty years required by the statute.

As to the years during which appellant was a substitute teacher in the Seattle district, appellant contends that she is entitled to a year's credit for each year that she was such substitute teacher under agreement with the school board, while respondent reduces the time appellant taught as a substitute to 1175 days, and, by dividing this figure by 189, the number of teaching days in a year, concedes that appellant, during these nine years, taught 6 41/189 years as a substitute teacher. This, added to appellant's service of 21.6 years, as computed by respondent, allows appellant something over twenty-seven years of service, instead of the thirty years required by the statute.

Under this method of computation, it is difficult to understand the meaning which respondent gives to the words "not less than 240 months of service," as contained in the statute. Ten months a year for thirty years would be three hundred months, sixty months more than the statutory requirement. Holding as we

do, *infra,* that a substitute teacher bearing the relation which appellant bore to the school district is a "teacher" within the meaning of the act, and giving effect to both the thirty year and 240 month provisions of the act, we hold that appellant was a "teacher," regularly employed within the purview of the act, during each school year that she bore to the Seattle school district the relation of substitute teacher, and during which year she actually taught. All such years count in computing the thirty-year period which appellant must have accomplished. This gives appellant over thirty years of teaching service. Whether years during which appellant was a substitute teacher under agreement with the school district, but did not teach, should be counted, need not here be determined, and upon that question we express no opinion.

The days that she taught during these years should then be reduced to school months, and if the aggregate number of these school months added to her prior school month record totals 240 or over, appellant has rendered the teaching service necessary to bring her within the terms of the statute. Manifestly, thirty years and 240 months, as used in the statute, do not mean the same thing. The number of months in school years vary somewhat in the different districts throughout the state. A reasonable construction of the statute gives effect to both periods of time. To obtain the benefits of the act, one must have been a teacher for thirty years, and have actually served not less than 240 months.

■ By Rem. Rev. Stat., § 4995 [P. C. § 4425], it is provided that:

"The word 'teacher' whenever used in this act shall be held and construed to mean and include any person regularly employed as teacher, instructor, principal, supervisor or superintendent in the public schools, or

as an assistant to any such teacher, instructor, principal, supervisor or superintendent. . . ."

Under this definition, a teacher need not serve continuously. If he or she be regularly employed as a teacher, the law is satisfied.

In this connection, it must be remembered that § 5010, *supra,* establishes eligibility for retirement in part as follows:

"Any member of the fund who shall have been a teacher for a period of, or periods aggregating thirty years, embracing not less than two hundred and forty months of service . . ."

This section does not provide that, in order to be eligible to receive the benefits of the act, the person seeking the same must have a teaching history embracing not less than thirty years of service, but simply that such person shall have been a teacher for thirty years. If the legislature had intended that the actual teaching service should have covered thirty years, it would have been easy to have used the same language which was used in fixing the "two hundred and forty months of service." The section last referred to defined the persons eligible to receive the "retirement annuity," and its plain meaning cannot be changed by other sections, unless such statutory construction be absolutely required. We cannot hold that the plain meaning of the language in § 5010 is changed by that portion of § 5002, above quoted.

Respondent argues that the words "regularly employed" mean not only that the contractual relation must exist between the teacher and the authorities of the school district, but that the teacher must actually be employed to work stated periods of time regularly. It appears from the record that the Seattle school board in employing substitute teachers adopted the following plan: (a) The school board at one of its meetings de-

cides upon a salary schedule for the different classes of substitute teachers. (b) A certain number of applicants are from time to time "elected" to the substitute list. (c) Superintendent's office then *must* choose their substitutes from this list, and *must* pay them according to the schedule prescribed by the board. There is, however, no guarantee by the board to the teachers placed on this substitute list that they will receive even one day's employment. Superintendent's office is free to call upon anyone on this list and is not required to apportion the work to be done in any way among the entire number.

Appellant testified, and her statements were not denied, that up to the year 1934 she was carried on the roll of substitute teachers in the office of the Seattle school district; that she was under contract to teach as she might be called upon to do so; that she was ready to perform her obligation; and that she never refused any assignment. She states that her name and that of Gertrude K. Pratt Moore, the respondent in the case of *Moore v. Board of Trustees,* 170 Wash. 175, 16 P. (2d) 195, were carried on the same roll of substitute teachers. In the case cited, it was held that a teacher entitled to membership in the state teachers' retirement fund (an act other than that here in question) was entitled to credit for the time she taught as a substitute teacher in a district having a local fund, which she was privileged but not required to join, her status as a substitute teacher amounting to teaching in the public schools of the state within the terms of Rem. Rev. Stat., § 5020-17 [P. C. § 4449a-17].

After careful consideration of the statute, we hold that a substitute teacher, occupying a status similar to that occupied by appellant here, is a teacher regularly employed within the purview of the section of the act defining the word "teacher," above quoted. In this

connection, the reasoning of the court in the case of *Moore v. Board of Trustees, supra,* while not necessarily controlling, as that case presented a question arising under a different statute, is extremely persuasive.

■ Respondent next contends that appellant never became a member of the fund, and is not now entitled to any of the benefits conferred by the act establishing the same. Rem. Rev. Stat., § 5001 [P. C. § 4431], in so far as pertinent to this inquiry, reads as follows:

"At any time within one year from the date of the establishment of a fund as in this act provided, any teacher employed by the district at the date of the establishment of such fund . . . may file with the secretary of the board of trustees . . . an application for membership in such fund. . . ."

As appellant, during the twelve months following September, 1917, was a regular teacher in the Seattle schools, she had the option of becoming a member of the fund by filing her application pursuant to the section quoted. This she did not do. She argues, however, that, after teaching a year in Stanwood, when she resumed her contractual relation with the Seattle school district, she became a new teacher within the scope of Rem. Rev. Stat., § 5003 [P. C. § 4433], which reads as follows:

"Every teacher entering the employment of a district after a fund has been established therein, shall become a member of such fund by virtue of such employment . . ."

In the case of *In re Sanborn,* 159 Wash. 112, 292 Pac. 259, this court held that chapter 187, Laws of 1923, p. 637 (Rem. Rev. Stat., § 5020-1 [P. C. § 4449a-1] *et seq.*), establishing a state teachers' retirement fund, should be liberally construed in favor of the teacher claiming the benefits thereof, this court holding that the statute was remedial in its nature.

When appellant resigned her employment as a teacher in the Seattle school district, and thereafter taught a year at Stanwood, she entirely severed her connection with the former district, and when she later returned to Seattle and entered upon a new contract as a substitute teacher in that district, she became a new teacher under a new employment, which was entered into after the establishment of the local retirement fund, and she then became a member of the fund. *State ex rel. Reeves v. Loop*, 157 Wash. 339, 289 Pac. 30. In this case, it was held that a teacher who had been a member of the state teachers' retirement fund at the time of its organization, on entering the employment of a district after a local fund had been established therein, automatically became a member of such local fund by virtue of Rem. Rev. Stat., § 5003, *supra.*

■ Respondent contends that, because appellant has never contributed to the local retirement fund, she can not now make a contribution and claim the benefits of the act. In this connection, respondent cites the case of *In re Sanborn, supra.* The case cited concerned the claim of a teacher for benefits under the act establishing the state teachers' retirement fund (chapter 187, Laws 1923, p. 637), a different act from that here in question. In the course of the opinion, this court referred to the claim of the teacher that the act made ample provision for the contingency of failing to contribute to the fund by deductions of any amount due from any member to be paid thereunder. The court, however, noted that it could find no such provision in the statute.

Under § 5010, *supra,* it is provided that, in case the credit for membership dues at the date of retirement shall be less than $720, a member may pay into the fund enough to make up a total credit in the amount mentioned, and then receive the benefit of the act. Ap-

pellant has evidenced her willingness to pay into the fund the full sum of $720, the minimum amount fixed by § 5010, *supra*, as the amount which a member of the fund must have paid into the fund before being entitled to receive any annuity therefrom. Following the reasoning in the case of *State ex rel. Reeves v. Loop, supra,* and considering the plain wording of the statute, this is all that can be required of appellant in connection with payments for the benefit of the fund.

The judgment appealed from is accordingly reversed, with instructions to proceed in accordance with the views herein expressed.

MAIN, HOLCOMB, MILLARD, BLAKE, GERAGHTY, and SIMPSON, JJ., concur.

STEINERT, C. J. (dissenting)—Being of the opinion that the judgment in this case should be affirmed, I think that it should be made clear that the trial court did not hold that the appellant was not entitled to membership in the retirement fund, but merely that her total length of service was not sufficient to entitle her to annuity benefits. In its memorandum opinion, which was specifically made the basis of the judgment, the court said:

"I am convinced that her application in May, 1934, was timely and she should be admitted to membership in the Retirement Fund, *provided* her length of teaching service entitles her to that privilege under R. R. S., Sec. 5010."

The judgment declared that appellant was "not entitled to annuity benefits of the Local Teachers' Retirement Fund of Seattle School District," and for that reason the action of the board in rejecting her claim for annuity benefits was affirmed. So that the question here does not concern the right to membership, but simply the right to immediate benefits.

Appellant's entire teaching experience was embraced within the period from 1896 to 1934, a total span of thirty-eight years, but it is conceded that in the year 1913-1914, she was engaged in travel under leave of absence, and that, between June, 1927, and July, 1933, a period of six years, she did not teach at all, either as a regular teacher or as a substitute. Her actual teaching experience, therefore, both as a regular and as a substitute teacher, was comprised within a period of thirty-two school years. Again, however, it must be remembered that, as stated in the majority opinion, she actually taught regularly only twenty-two full school years (or twenty-three full school years if she be credited with the year of travel), and that the remaining period of nine years, which was spent in Seattle, was given to substitute teaching for fractional parts of the year. These fractional parts varied from a minimum of twenty-three days to a maximum of 180 days per year.

At the time with which we are here concerned, the full school year in the Seattle school district, which is a district of the first class, comprised a period of 189 days. This the majority concedes. The statute, Rem. Rev. Stat., § 4805 [P. C. § 5007], specifically provides that every board of directors of a school district of the first class shall have power "to determine the length of time over and above eight (8) months that school shall be maintained." The rule, therefore, under which the board fixed the length of the school year has the sanction of the legislature.

The number of months making up a regular school year varied in the different districts in which appellant taught. In some, it was as low as three months; in the Seattle district, it was, at that time, ten months. The total number of months in which appellant was engaged as a regular teacher aggregated 204. Her sub-

stitute teaching, scattered over a period from 1918 to 1934, aggregated 1175 days, which she in her application converted into months by dividing the total number of such days by twenty, on the basis of a twenty-day school month. Thus, she says, her substitute teaching amounted to fifty-eight months and fifteen days, which, when added to her regular teaching for 204 months, made a total of 262 months and fifteen days. It may be conceded that, upon her computation, or by any other method of computation, she taught in excess of 240 months, and to that extent satisfied the statute.

But we still have that provision of Rem. Rev. Stat., § 5010 [P. C. § 4440], which required appellant to have been a teacher for "a period of, or periods aggregating thirty years." In other words, she must have taught, not only a minimum of 240 months, but also a minimum of thirty years, in order to meet the full requirements of the statute.

The majority, though quoting a part of Rem. Rev. Stat., § 5002 [P. C. § 4432], fails, in my opinion, to give it the proper interpretation and force. In order to have it definitely before us, I quote the same portion again:

". . . In making allowance for former service, a year of service shall be a legal school year where the service was rendered and fractions of years of service may be counted in computing the total years of service when the sum of such fraction equals one or more years: Provided, that no teacher shall receive more than one year's credit for teaching in any school year, as defined by the school code of this state."

We note several important provisions in this section of the statute: (1) A year of service is a legal school year *where the service is rendered;* (2) *fractions* of years of service may be counted in computing *total* years of service; and (3) no more than one year's credit is to be allowed for teaching in any school year.

First, it will be noted that the legal school year is to be determined by the length of the school year where the service is rendered. In this instance, the service particularly under inquiry and to be computed was rendered in the Seattle school district where, at the time here involved, the length of the school year was 189 days. Hence, to receive credit for a school year in that district, appellant must have taught 189 days.

Next, fractions of years of service may be counted in computing the total years of service, but, according to the context of the statute, they must likewise be computed on the basis of the length of the school year in the particular district. As the length of the school year varied in different districts, the fractional credits for time taught would also vary. Hence, as I view it, the days which appellant taught in the Seattle district must be considered as fractional parts of a year of 189 days.

Finally, no more than one year's credit may be allowed for teaching in any school year; that is to say, a teacher may not, within a single year, take credit for having taught two school years of three months each and thereby receive more than one year's credit, nor may she convert the fractional part of a long year into a greater fraction measured by a short year.

Converting 1175 days of substitute service in the Seattle district into terms of fractional years, we divide 1175 by 189 and obtain a quotient of 6.21 years. If we add this to the twenty-two years of appellant's regular service, we get a total of 28.21 years, which falls short of the thirty-year requirement. If we credit appellant with the year devoted to travel, the total still falls short of the required thirty years.

It is to be kept in mind that this case is presented to us, as it was to the superior court and also to the local board, upon appellant's *application for membership in*

*the fund,* made in 1934. That being the fact, the provisions of Rem. Rev. Stat., § 5002, with reference to allowance for former service, necessarily came into full play. In computing the allowance for such former service, the length of the school year in Seattle became a controlling factor. A year of service was a legal school year where the service was rendered, and fractions of years are to be computed on the same basis. Upon that basis, appellant did not fulfill the thirty-year requirement.

The construction placed by the majority on Rem. Rev. Stat., § 5010, is that a teacher's aggregate experience is sufficient if it merely covers some portion of each year for thirty years, provided that it includes 240 full months of service. With that interpretation I do not agree.

This very case is a good illustration of how the statute, as thus construed, will operate in the Seattle district. Although the thirty-year period in that district would aggregate three hundred school months, nevertheless a teacher therein may actually teach only twenty-four school years of ten months each, thus fulfilling the 240-month requirement, and then complete the thirty-year requirement by doing only one day of substitute teaching, per year, for six subsequent years. I do not believe that the law contemplated any such result. I think that it was intended that a teacher should have completed thirty years of service according to the length of the year in the district where the service was rendered, and that fractional parts of the year should be computed on the same basis.

The answer to the problem before us, it seems to me, may be illustrated and expressed in this way: If a teacher shall have taught the equivalent of thirty school years of eight months each, she would thereby fulfill both the 240-month and the thirty-year require-

ments. If she teaches the equivalent of thirty school years of less than eight months each, she then falls short of the 240-month requirement. If she teaches the equivalent of less than thirty school years, consisting of *more than eight months each,* she then falls short of the thirty-year requirement, even though she has taught more than 240 months. In any one of these circumstances, however, the fractional years, if considered, must be based upon the length of the school year in the district where the service is rendered.

Appellant may have taught more than 240 months in the aggregate, but the total period of her teaching service did not aggregate thirty years, because the sum of the fractional years, measured by the length of the school year in the Seattle district where the substitute service was rendered, was not sufficient, when added to her total service of regular teaching, to make up the required period of thirty years.

For these reasons, I am compelled to dissent.

ROBINSON, J., concurs with STEINERT, C. J.