Peter Bruce SANFORD, Appellant,

v.

STATE of Alaska, Appellee.

No. A–7633.

Court of Appeals of Alaska.

June 8, 2001.

---

Margi A. Mock, Assistant Public Defender, and Barbara K. Brink, Public Defender, Anchorage, for Appellant.

W.H. Hawley, Jr., Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

COATS, Chief Judge.

When the superior court convenes a grand jury, the court administers an oath to the grand jurors and instructs the jurors on their powers and duties.[1] The grand jury is to consist of not less than twelve nor more than eighteen members.[2] To indict, the Alaska Constitution requires the concurrence of a majority of the grand jurors. But how many grand jurors must concur if the court swears in and instructs eighteen grand jurors but only twelve actually hear the evidence and deliberate in a particular case?

Alaska Criminal Rule 6(n)(1) requires the concurrence of a majority of the grand jurors sworn in, not just a majority of the jurors who deliberate on the case, to indict a defendant for a crime. The state contends that this rule violates the Alaska Constitution. The state argues that article I, section 8 of the Alaska Constitution requires the concurrence of a majority of the grand jurors who heard and voted on the case to indict. We conclude that article I, section 8 is ambiguous on this point. Because of this, the Alaska Supreme Court, acting in its role as administrative head of the court system, was authorized to promulgate a rule to clarify this point of grand jury procedure. We therefore hold that Criminal Rule 6(n)(1) is a valid exercise of the supreme court's rule-making authority. We conclude that Criminal Rule 6(n)(1) is constitutional.

*Factual background*

On October 19, 1999, a grand jury of fifteen members indicted Peter Bruce Sanford for robbery in the first degree, robbery in the second degree, coercion, and three counts of assault in the third degree. The following day, with only twelve grand jurors present, the grand jury voted seven to five to indict Sanford on four counts of attempted kidnapping.

Sanford moved to dismiss the indictment. Sanford argued that Criminal Rule 6(n)(1) required a majority of the eighteen grand jurors who were initially sworn in and instructed by the court to vote for the indictment in order to return a true bill, the concurrence of ten in this case. The state opposed the dismissal, arguing that the grand jury can return an indictment with the concurrence of a simple majority of the jurors who hear the case, the concurrence of seven in this case. Superior Court Judge Larry D. Card denied Sanford's motion.

1. Alaska R.Crim. P. 6(e).

2. AS 12.40.020; Alaska R.Crim. P. 6(d).

Sanford petitioned this court for review; this court granted the petition. We now reverse Judge Card's decision upholding the indictment.

### Criminal Rule 6(n)(1)

█ Criminal Rule 6(n)(1) provides that "[a]n indictment may be found only upon the concurrence of a majority of the total number of jurors comprising the grand jury when the grand jury is sworn and charged with instructions." The state concedes on appeal that Sanford's interpretation of the rule is correct: that the rule requires the concurrence of a majority of the grand jurors who are sworn and instructed by the court in order to return an indictment. We have independently reviewed the state's concession and conclude that the state's concession is supported by both the plain language of the rule and by our examination of the history of the rule.[3] In short, to the extent that there is any ambiguity in the language of the rule, the history of Rule 6(n)(1) makes it clear that the supreme court intended for the rule to require a majority of the grand jurors originally sworn and charged with instructions, not a majority of the grand jurors who actually deliberated on the case, to vote for a true bill in order to indict.

### Article I, section 8 of the Alaska Constitution

█ The state argues that Criminal Rule 6(n)(1) violates article I, section 8 of the Alaska Constitution. That section provides, in pertinent part, that the "grand jury shall consist of at least twelve citizens, a majority of whom concurring may return an indictment." The state argues that this provision requires only a majority of the grand jurors who deliberate on the case to return an indictment. This would mean that the grand jury would have to consist of at least twelve members and that a majority of those grand jurors would have to vote in favor of the indictment. The state argues that it is logical to assume that the drafters of the constitution intended for the grand jury to consist of at least twelve jurors deliberating on the case, and, to be consistent, that a majority of these grand jurors should be determined at the same time—a majority of the grand jurors who actually decide the case.

The state argues that its interpretation is correct because it would be unreasonable to determine the majority from the number of grand jurors who constitute the grand jury at the time the grand jurors are initially sworn. in. The state argues that, under this interpretation, the court could swear in and instruct twelve grand jurors, but, if only seven grand jurors were available to hear the evidence against a defendant, then the defendant could be indicted by a grand jury of seven members if all of them voted to indict.

But our review of the minutes of the Alaska Constitutional Convention suggests Sanford's view is at least equally plausible. The delegates to the constitutional convention were familiar with the federal grand jury system that was in effect in the Territory of Alaska. Under that system, the grand jury panel consisted of sixteen to twenty-three members.[4] An indictment required the concurrence of twelve of the members, no matter how many grand jurors actually constituted the original grand jury panel.[5]

Because they were making it possible to indict a person with a smaller grand jury of twelve rather than the larger federal grand jury panel of sixteen to twenty-three, the delegates considered requiring the vote of three-quarters of the members of the grand jury to indict.[6] But the delegates ultimately voted to require a majority of the grand jurors to concur in order to indict.

The minutes do not disclose that the delegates considered whether this majority of grand jurors should be calculated from the original panel that was sworn in or from the panel that actually considered the evidence

---

3. Although the state concedes Sanford's interpretation of Rule 6 is correct, this court must independently review the issue. *See Marks v. State,* 496 P.2d 66, 67–68 (Alaska 1972).

4. § 66–8–2 ACLA (1949).

5. *See* 2 Proceedings of the Alaska Constitutional Convention (PACC) 1400–02 (January 6, 1956); § 66–8–51 ACLA (1949).

6. *See* 2 PACC 1398–1403 (January 6, 1956).

and deliberated on the indictment. But, as we have stated, under the federal rule in existence at the time of the constitutional convention, and in existence still, a majority (twelve) of the maximum number of grand jurors (twenty-three) originally sworn in had to vote to indict, no matter how many grand jurors actually sat on the panel.[7] Although the delegates were willing to reduce the minimum number of grand jurors to twelve, apparently to save money, there is no indication that they intended to depart from the federal system of requiring at least a majority of the jurors originally sworn in to concur in order to return an indictment. Therefore the delegates might have intended to require a majority of the grand jurors sworn and instructed to concur in order to indict.

The minutes of the constitutional convention do not identify which of these competing interpretations of article I, section 8 the drafters had in mind. The constitutional provision is ambiguous, and both interpretations are equally plausible. Because this particular aspect of grand jury practice is left unresolved by our constitution, we conclude that the supreme court is empowered to resolve this question by court rule.

Article IV, section 15 of the Alaska Constitution authorizes the supreme court to "promulgate rules governing practice and procedure in civil and criminal cases in all courts," as long as these rules do not contravene the constitution. Many times in the past, the supreme court has looked to the interpretation given to a statute by an administrative agency when attempting to resolve an ambiguity in the statute itself.[8] We believe that this same principle applies here.

The supreme court is charged with formulating the practices and procedures governing criminal cases, subject to the provisions of the constitution. On the issue of how many grand jurors must vote for indictment, the directive of article I, section 8 is irresolvably ambiguous. The supreme court therefore had the authority to promulgate Criminal Rule 6(n)(1) to resolve this issue. Accordingly, we hold that the method specified in Criminal Rule 6(n)(1) for determining the number of votes necessary for indictment is constitutional.

The grand jury that indicted Sanford originally consisted of eighteen members who were sworn and charged with instructions. Of these grand jurors, only seven voted in favor of the indictment for attempted kidnapping. Under Criminal Rule 6(n)(1), ten grand jurors had to vote in favor of the indictment to charge Sanford with a crime. Because only seven grand jurors voted in support of the indictment, the indictment was invalid. We accordingly conclude that Judge Card erred in denying Sanford's motion to dismiss the indictment. On remand, the superior court shall dismiss the indictment against Sanford for attempted kidnapping.

**REVERSED and REMANDED.**

---

7. *See* Federal R.Crim. P. 6(a)(1), (f).

8. *See Lopez v. Administrator, Pub. Employees' Retirement Sys.*, 20 P.3d 568, 570 (Alaska 2001) (where a question of law involves agency expertise, a court will "defer to the agency's interpretation of the law unless it is unreasonable"); *Storrs v. State Med. Bd.*, 664 P.2d 547, 552 (Alaska 1983) (appendix) (although not binding on a court, "[a] statutory construction adopted by those responsible for administering a statute should not be overruled in the absence of 'weighty reasons.'"); *Casperson v. Alaska Teachers' Retirement Bd.*, 664 P.2d 583, 586 (Alaska 1983) (Compton, J., dissenting) ("if a statute is ambiguous, the court may give some weight to the administrative decision" of an agency charged with carrying out the statutory mandate) (citing *Union Oil Co. v. Department of Revenue*, 560 P.2d 21, 25 (Alaska 1977)); 2B NORMAN J. SINGER, SUTHERLAND STATUTORY CONSTRUCTION § 49:03 (6th ed. 2000) ("[P]ractical interpretation of a statute by the ... officers charged with its administration and enforcement ... constitutes an invaluable aid in determining the meaning of a doubtful statute.").