IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| WILLIAM and MARCIA PACE, and the marital community comprised thereof, | ) ) ) | No. 40769-1-III |
| Appellants, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| MICHAEL R. HALL, an individual, | ) ) | |
| Respondent. | ) | |

COONEY, J. — Following a bench trial, William and Marcia Pace were awarded a monetary judgment against Michael Hall, a neighboring property owner, for wrongful injury to personal property or improvements on their land under RCW 4.24.630. Thereafter, the trial court denied the Paces' motion for an award of attorney fees. The Paces appeal the trial court's order denying attorney fees.

BACKGROUND

The Paces own several parcels of real property in Okanogan County. Two of their parcels abut a 20-acre parcel owned by Mr. Hall. The Paces purchased the parcel to the west of Mr. Hall in 2021 and, shortly thereafter, constructed a barbed wire fence along the eastern boundary of the property. After the fence was erected, Mr. Hall claimed that four of his T-posts were missing and had been incorporated into the Paces' new fence. Mr. Hall dislocated the clips connecting the wires to the T-posts and reclaimed the posts.

The Paces later discovered the fence had been "ripped apart;" a span of about "300 to 350-yard[s] had been disassembled, with the posts still erect but the wire laying on the ground." Clerk's Papers (CP) at 4. Another section had been cut and the wires pulled back to the posts on either side of the section. Mr. Hall acknowledged that he cut this portion of the fence as he historically traversed the area on foot to improve his cellular telephone service.

The Paces sued Mr. Hall for quiet title, injunctive relief, waste under RCW 4.24.630(1), and intentional infliction of emotional distress. Mr. Hall filed a counterclaim on similar property claims, asserting the Paces' fence encroached on his land and that the Paces had damaged his trees and crop trials. Prior to trial, the court granted the Paces' motion for summary judgment on their quiet title and injunctive relief claims.

The remaining causes of action proceeded to a bench trial. At the conclusion of trial, the court found, in part, the "Defendant's actions in unclipping, cutting, and disassembling

2

the newly-constructed fence was an intentional act, not authorized by the Plaintiff landowners, and an unreasonable response to the perceived—but insufficiently proven—slight by Plaintiffs' contractor who Defendant believed misappropriated four of his T-posts." CP at 4. The court concluded that Mr. Hall "entered 'onto the land of another and . . . wrongfully injure[d] personal property or improvements to real estate on the land,' thus committing conduct prohibited by RCW 4.24.630" and awarded the Paces $2,500 in damages. CP at 4.

The Paces timely filed a motion for attorney fees citing three statutes: RCW 4.84.185 (frivolous), RCW 7.28.083 (adverse possession), and RCW 4.24.630 (waste). The court declined to award attorney fees under RCW 4.84.185, finding Mr. Hall's entire claim was not frivolous, and under RCW 7.28.083, finding an award would not be equitable. The court then considered an award of attorney fees under RCW 4.24.630. Albeit the court found the attorney fees requested by the Paces was "not an unreasonable [amount]," and, relying on its discretion, ruled that attorney fees totaling 12 times the amount of the actual damages was not something it was inclined "to attribute or make [Mr. Hall] responsible for." Rep. of Proc (RP) at 54. The court awarded the Paces' $410.48 in costs.

The Paces timely appeal.

3

ANALYSIS

The Paces argue the court erred when it denied their request for attorney fees under RCW 4.24.630 and, citing Mr. Hall's intransigence, RCW 7.28.083. We agree that the Paces are entitled to an award of attorney fees under RCW 4.24.630 but disagree that the court abused its discretion in declining to award them fees under RCW 7.28.083 for Mr. Hall's alleged intransigence.

Review of a trial court's order on attorney fees involves mixed questions of law and fact. *Zink v. City of Mesa*, 17 Wn. App. 2d 701, 713, 487 P.3d 902 (2021). Legal issues, such as whether a party is entitled to an award of attorney fees, are reviewed de novo. *Id*. Discretionary decisions to award or deny attorney fees and the reasonableness of any award is reviewed for an abuse of discretion. *Gander v. Yeager*, 167 Wn. App. 638, 647, 282 P.3d 1100 (2012). A court "abuses its discretion when it acts on untenable grounds or its ruling is manifestly unreasonable." *State v. Gaines*, 194 Wn. App. 892, 896, 380 P.3d 540 (2016). This is a very deferential standard. *Hoffman v. Kittitas County*, 4 Wn. App. 2d 489, 495, 422 P.3d 466 (2018), *aff'd*, 194 Wn.2d 217, 449 P.3d 277 (2019). A "decision is based 'on untenable grounds' or made 'for untenable reasons' if it rests on facts unsupported in the record or was reached by applying the wrong legal standard." *State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003) (quoting *State v. Rundquist*, 79 Wn. App. 786, 793, 905 P.2d 922 (1995)).

4

Generally, "attorney fees will not be awarded for costs of litigation unless authorized by contract, statute, or recognized ground of equity." *Durland v. San Juan County*, 182 Wn.2d 55, 76, 340 P.3d 191 (2014).

ATTORNEY FEES UNDER RCW 4.24.630

The Paces argue the trial court erred in denying their request for attorney fees under RCW 4.24.630(1). We agree.

RCW 4.24.630(1) provides:

> Every person who goes onto the land of another and who removes timber, crops, minerals, or other similar valuable property from the land, or wrongfully causes waste or injury to the land, or wrongfully injures personal property or improvements to real estate on the land, is liable to the injured party for treble the amount of the damages caused by the removal, waste, or injury . . . . In addition, *the person is liable for reimbursing the injured party for the party's reasonable costs, including but not limited to investigative costs and reasonable attorneys' fees and other litigation-related costs*.

(Emphasis added.) The Paces contend the trial court abused its discretion in denying their request for attorney fees based on the compulsory language of RCW 4.24.630. Regardless of whether we review the court's order de novo or under the abuse of discretion standard, we agree with the Paces.

The trial court found that Mr. Hall was liable for property damage under RCW 4.24.630 and awarded $2,500 in damages to the Paces. Notwithstanding the judgment, the court, seemingly relying on its discretion, denied the Paces' request for attorney fees under RCW 4.24.630(1), reasoning,

5

> [W]e have awarded in total $2500 in damages. I think, you know, an attorney fee award that would be magnitude of 12 times as much as the actual damages that were proved and awarded at trial. I don't think that it's—Mr. Hall may be liable for those costs, it's not something I am going to attribute or make him responsible for.

RP at 54.

The interpretation of a statute is a question of law we review de novo. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). If the statute's meaning is plain on its face, then the court gives effect to that plain meaning. *Id*. at 9-10. "Whenever possible, statutes are to be construed so 'no clause, sentence or word shall be superfluous, void, or insignificant.'" *HomeStreet, Inc. v. Dep't of Revenue*, 166 Wn.2d 444, 452, 210 P.3d 297 (2009) (internal quotation marks omitted) (quoting *Groves v. Meyers*, 35 Wn.2d 403, 407, 213 P.2d 483 (1950)). A dictionary may be used to ascertain the ordinary meaning of the undefined term. *Seattle Hous. Auth. v. City of Seattle*, 3 Wn. App. 2d 532, 538, 416 P.3d 1280 (2018). "Unlikely, absurd or strained results are to be avoided." *Morris v. Blaker*, 118 Wn.2d 133, 143, 821 P.2d 482 (1992).

Our interpretation of the attorney fee provision of RCW 4.24.630(1) hinges on the words "is liable" as used in the phrase, "is liable for reimbursing the injured party for the party's . . . reasonable attorneys' fees." RCW 4.24.630(1). *Porter v. Kirkendoll*, 194 Wn.2d 194, 449 P.3d 627 (2019), is instructive in our analysis. In *Porter*, the Porters sought damages under the timber trespass statute, RCW 64.12.030, and costs under the waste statute, RCW 4.24.630. *Id.* at 211. The Supreme Court recognized the more expansive

6

remedies within the waste statute, as the timber trespass statute did not include the language

"'is liable for . . . reasonable costs, including but not limited to investigative costs and

reasonable attorneys' fees and other litigation-related costs.'" *Id.* at 212 (quoting RCW

4.24.630(1)). In so doing, the Supreme Court refused to grant the Porters relief under the

waste statute due to the express language in RCW 4.24.630(2) stating the waste statute does

not apply in any case where liability for damages is provided under the timber trespass

statute. *Id.* at 211.

In discussing RCW 4.24.630, the Supreme Court noted:

> The [waste] statute is disjunctive: a person is liable if he or she
> (1) "goes onto the land of another and . . . removes timber, crops, minerals, or
> other similar valuable property from the land," (2) "wrongfully causes waste or
> injury to the land," *or* (3) "wrongfully injures personal property or improvements
> to real estate on the land." [RCW 4.24.630]. The first ground for relief is also
> disjunctive: a person is liable if he or she "removes timber, crops,
> minerals, *or* other similar valuable property from the land." [RCW
> 4.24.630] (emphasis added). Thus, *the statute imposes liability for treble damages
> and reasonable costs, including attorney fees, on "[e]very person who goes onto
> the land of another and who removes timber . . . from the land."* [RCW 4.24.630].

*Porter*, 194 Wn.2d at 212-13 (emphasis added).[1] The Supreme Court ostensibly

---

[1] In *Porter v. Kirkendoll*, the court held that RCW 4.24.630 does not apply to timber-trespass claims under RCW 64.12.030 consistent with RCW 4.24.630(2)'s explicit exclusion. 194 Wn.2d at 211. *Porter* thus barred recovery of attorney fees and costs under RCW 4.24.630 in that context, reflecting the legislature's deliberate decision to withhold such fees for timber trespass actions. Although that reasoning could be read to imply that fee recovery under RCW 4.24.630 reflects legislative discretion, the statute's use of the phrase "is liable" signals a mandatory obligation once its conditions are met. The contrast between RCW 64.12.030's silence and RCW 4.24.630's explicit fee provision highlights that the legislature intended fee-shifting under RCW 4.24.630 to be required—not optional—when the statute applies.

recognized that the waste statute imposes liability for attorney fees if a person is found to have wrongfully damaged personal property, among other things.

The Supreme Court's holding, that the Porters could not recover costs, was based on the legislative intent to expressly exclude any claims where liability from the timber trespass statute applied. Yet, the legislature also expressly required that a person who causes damage to the land of another under RCW 4.24.630 "is liable" for additional costs while barring those held liable under RCW 64.12.030 from being liable for the same costs. The plain meaning of the statute mandates an award of attorney fees against one found liable under RCW 4.24.630(1). *Dep't of Ecology*, 146 Wn.2d at 9-10.

Applying the general and legal definitions of "liable" yields the same result. The dictionary defines "liable" as "obligated according to law or equity: RESPONSIBLE." MERRIAM-WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1302 (3d ed. 1961). Similarly, Black's Law Dictionary defines "liable" as "[r]esponsible or answerable in law; legally obligated." BLACK'S LAW DICTIONARY 1097 (12th ed. 2024). "[I]s liable" is a mandatory expression according to its ordinary and legal definition.

The plain language of RCW 4.24.630(1) controls. Mr. Hall became liable for the Paces' reasonable attorney fees on the trial court finding he was liable for property damage under RCW 4.24.630. The trial court erred in reasoning that it had discretion to deny an award of attorney fees under the statute.

ATTORNEY FEES FOR INTRANSIGENCE

Citing RCW 4.84.185, the Paces argue the trial court erred by not awarding attorney fees on the equitable basis of intransigency based on Mr. Hall's unsupported utility easement defense. Specifically, the Paces assert that Mr. Hall's meritless claim to an easement through their land was repeatedly presented at trial even though it was dismissed on summary judgment, requiring them to continually address the frivolous claim. We disagree.

An award of attorney fees is within the trial court's discretion. *In re Marriage of Crosetto*, 82 Wn. App. 545, 563, 918 P.2d 954 (1996). "Intransigence is a basis for awarding fees on appeal, separate from . . . RAP 18.9 (frivolous appeals)." *In re Marriage of Mattson*, 95 Wn. App. 592, 605, 976 P.2d 157 (1999). A party's intransigence is an equitable basis for awarding attorney fees. *In re Marriage of Chandola*, 180 Wn.2d 632, 656, 327 P.3d 644 (2014). A court may grant attorney fees for intransigence when a party engaged in "'foot-dragging' and 'obstruction' . . . or simply when one party made the trial unduly difficult and increased legal costs by his or her actions." *Id.* at 657 (quoting *In re Marriage of Katare*, 175 Wn.2d 23, 42, 283 P.3d 546 (2012)). "'Intransigence' may also be shown by 'litigious behavior, bringing excessive motions, or discovery abuses.'" *In re Kelly & Moesslang*, 170 Wn. App. 722, 740, 287 P.3d 12 (2012) (quoting *In re Marriage of Wallace*, 111 Wn. App. 697, 710, 45 P.3d 1131 (2002)).

We review a trial court's order granting or denying an award of attorney fees based on intransigence under the abuse of discretion standard. *In re Marriage of Bobbitt*, 135 Wn. App. 8, 29-30, 144 P.3d 306 (2006).

RCW 4.84.185 provides, in part, "In any civil action, the court having jurisdiction may, upon written findings by the judge that the . . . defense was frivolous and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action."

Mr. Hall asserted in his utility easement defense that the easement allowed him to cross areas on foot other than those illustrated on the easement map for the purposes of obtaining cellular telephone service. The court found that an award of fees on an equitable basis was not reasonable due to the large financial disparity between the parties and "the court dispens[ing] with the claim of the [easement] defense . . . on summary judgment in short order." RP at 49.

The trial court applied the correct legal standard, and its findings are supported by the record. Mr. Hall's failed utility easement defense did not amount to the type of litigious behavior making trial unduly difficult and costly. *Katare*, 175 Wn.2d at 42. The trial court did not abuse its discretion in denying the Paces' motion for attorney fees based on Mr. Hall's purported intransigence.

10

ATTORNEY FEES ON APPEAL

Both parties request attorney fees on appeal. The Paces seek recovery of attorney fees under RAP 18.1(a)-(b), RCW 4.24.630(1), and on equitable grounds. Mr. Hall also requests an award of attorney fees. Because Mr. Hall is not a prevailing party, he is not entitled to attorney fees. We grant the Paces' request for attorney fees.

As discussed above, a person who goes onto the land of another and wrongfully injures personal property or improvements to real estate on the land, is liable for "damages for the market value of the property removed or injured" and costs, including attorney fees under RCW 4.24.630(1). Under RAP 18.1, a party is entitled to recover reasonable attorney fees on appeal if applicable law grants the party a right to recover fees and the party devotes a section of its brief to the request.

The underlying judgment established Mr. Hall's liability under RCW 4.24.630(1). Thus, Mr. Hall is liable for the Paces' reasonable attorney fees. Because the Paces have prevailed in this appeal and complied with the requirements of RAP 18.1, we grant their request for attorney fees under RCW 4.24.630.

## CONCLUSION

We reverse the trial court's order denying the Paces' motion for attorney fees under RCW 4.24.630(1) and affirm the court's order denying attorney fees under RCW 4.84.185. We grant the Paces' request for attorney fees on appeal. Lastly,

11

No. 40769-1-III
*Pace v. Hall*

we remand for the trial court to award the Paces their reasonable attorney fees under

RCW 4.24.630(1).

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Cooney, J.

WE CONCUR:

_____
Fearing, J.

_____
Murphy, J.